No. 26-30101

# In the United States Court of Appeals for the Fifth Circuit

MARIO CACHO; ANTONIO OCAMPO,
*Plaintiffs-Appellees*

v.

SUSAN HUTSON, ORLEANS PARISH SHERIFF,
*Defendant*

and

STATE OF LOUISIANA,
*Intervenor-Appellant*

———————————————

On Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:11-cv-00225, Hon. Janis van Meerveld

———————————————

**APPELLANT'S RECORD EXCERPTS**

———————————————

ELIZABETH B. MURRILL
Attorney General of Louisiana

OFFICE OF THE ATTORNEY GENERAL
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 421-4088
FairclothZ@ag.louisiana.gov

J. BENJAMIN AGUIÑAGA
Solicitor General

ZACHARY FAIRCLOTH
Principal Deputy Solicitor General

*Counsel for Intervenor-Appellant*

## TABLE OF CONTENTS

**Tab #**                                                                    **ROA**

1. Docket Sheet-
   *Cacho, et al v. Gusman*
   No. 2:11-cv-00225 ............................................................ ROA.1–23

2. Order and Reasons
   (February 18, 2026) (ECF No. 178) .......................... ROA.2319-2336

3. Notice of Appeal
   (February 19, 2026) (ECF No. 179) .......................... ROA.2337-2339

4. Certificate of Service

# Tab 1

APPEAL,CLOSED,CONMAG,PROTO

Jump to Docket Table

# U.S. District Court
## Eastern District of Louisiana (New Orleans)
## CIVIL DOCKET FOR CASE #: 2:11-cv-00225-JVM

Cacho et al v. Gusman
Assigned to: Magistrate Judge Janis van Meerveld
Case in other court:  USCA, 5th Cir., 26-30101
Cause: 42:1983 Civil Rights Act

Date Filed: 02/02/2011
Date Terminated: 08/09/2013
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Mario Cacho**                                     represented by    **Cassandra Charles**
National Immigration Law Center
1121 14th Street, NW
Suite 200
Washington, DC 20005
516-603-1986
Email: charles@nilc.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer Jean Rosenbaum**
New Orleans Workers' Center for Racial
Justice
217 N. Prieur St.
New Orleans, LA 70112
504-309-5165
Email: jjrosenbaum@nowcrj.org
*TERMINATED: 02/18/2025*
*LEAD ATTORNEY*

**Mary C. Yanik**
Tulane Law Clinics
6329 Freret Street
Suite 130
New Orleans, LA 70118
620-341-2653
Fax: 504-862-8753
Email: myanik@tulane.edu
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alyssa Barnard-Yanni**
Orrick, Herrington & Sutcliffe LLP
51 West 52 St
New York, NY 10075

**26-30101.1**

212-506-5111
Email: abarnard-yanni@orrick.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anisha S Dasgupta**
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019
212-506-5190
Email: adasgupta@orrick.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Bridget Pranzatelli**
National Immigration Project
1763 Columbia Rd NW
Washington, DC 20009
504-940-4777
Email: bridget@nipnlg.org
*ATTORNEY TO BE NOTICED*

**Elizabeth A. Stevens**
Orrick, Herrington & Sutcliffe, LLP (San Francisco)
The Orrick Building
405 Howard Street
San Francisco, CA 94105
415-773-4126
Email: estevens@orrick.com
*TERMINATED: 05/13/2013*
*PRO HAC VICE*

**Ghazal Tajmiri**
Orrick, Herrington & Sutcliffe, LLP (Los Angeles)
777 South Figueroa St.
Suite 3200
Los Angeles, CA 90017
213-629-2020
Email: gtajmiri@orrick.com
*TERMINATED: 12/12/2025*
*PRO HAC VICE*

**Jeremy Jong**
Al Otro Lado
Al Otro Lado
634 S Spring St
Ste 908
Los Angeles, CA 90014
504-475-6728
Email: jeremy@alotrolado.org
*ATTORNEY TO BE NOTICED*

**Karen C. Tumlin**
National Immigration Law Center (Los
Angeles)
3450 Wilshire Blvd
#108-62
Los Angeles, CA 90010
213-674-2850
Email: tumlin@nilc.org
*TERMINATED: 04/29/2025*

**Linton Joaquin**
National Immigration Law Center (Los
Angeles)
3450 Wilshire Blvd
#108-62
Los Angeles, CA 90010
213-639-3900
Email: joaquin@nilc.org
*TERMINATED: 04/29/2025*
*PRO HAC VICE*

**Matthew Vogel**
Matthew Vogel
National Immigration Project
1763 Columbia Rd. NW
Suite 175 #896645
Washington, DC 20009
504-569-5650
Email: msvogl@gmail.com
*TERMINATED: 12/18/2025*

**Melissa J. Anderson**
Orrick, Herrington & Sutcliffe, LLP (Seattle)
701 Fifth Avenue
Suite 5600
Seattle, WA 98104
206-839-4300
Email: mjanderson@orrick.com
*TERMINATED: 04/25/2014*
*PRO HAC VICE*

**Melissa Keaney**
National Immigration Law Center (Los
Angeles)
3450 Wilshire Blvd
#108-62
Los Angeles, CA 90010
213-639-3900
Email: keaney@nilc.org
*TERMINATED: 04/29/2025*
*PRO HAC VICE*

26-30101.3

**Nicholas D. Espiritu**
National Immigration Law Center (Los
Angeles)
3450 Wilshire Blvd
#108-62
Los Angeles, CA 90010
213-639-3900
Email: espiritu@nilc.org
*TERMINATED: 04/29/2025*

**Yihong Julie Mao**
National Immigration Project of the National
Lawyers Guild
89 South Street
Suite 603
Boston, MA 02111
202-470-2082
Email: julie@nipnlg.org
*TERMINATED: 02/18/2025*

**Plaintiff**

**Antonio Ocampo**                    represented by    **Jennifer Jean Rosenbaum**
(See above for address)
*TERMINATED: 02/18/2025*
*LEAD ATTORNEY*

**Mary C. Yanik**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alyssa Barnard-Yanni**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anisha S Dasgupta**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Bridget Pranzatelli**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cassandra Charles**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth A. Stevens**
(See above for address)
*TERMINATED: 05/13/2013*

*PRO HAC VICE*

**Ghazal Tajmiri**
(See above for address)
*TERMINATED: 12/12/2025*
*PRO HAC VICE*

**Jeremy Jong**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Karen C. Tumlin**
(See above for address)
*TERMINATED: 04/29/2025*

**Linton Joaquin**
(See above for address)
*TERMINATED: 04/29/2025*
*PRO HAC VICE*

**Matthew Vogel**
(See above for address)
*TERMINATED: 12/18/2025*

**Melissa J. Anderson**
(See above for address)
*TERMINATED: 04/25/2014*
*PRO HAC VICE*

**Melissa Keaney**
(See above for address)
*TERMINATED: 04/29/2025*
*PRO HAC VICE*

**Nicholas D. Espiritu**
(See above for address)
*TERMINATED: 04/29/2025*

**Yihong Julie Mao**
(See above for address)
*TERMINATED: 02/18/2025*

V.

**Defendant**

**Marlin N. Gusman**                    represented by **Freeman Rudolph Matthews**
*Orleans Parish Sheriff*                                          P.O. Box 310
*TERMINATED: 02/26/2025*                              Madisonville, LA 70447
                                                                          504-335-2275
                                                                          Email: petematthewslaw@gmail.com
                                                                          *LEAD ATTORNEY*
                                                                          *ATTORNEY TO BE NOTICED*

**26-30101.5**

**Blake J. Arcuri**
Rodrigue & Arcuri LLP
1615 Poydras St.
Ste. 1250
New Orleans, LA 70112
504-592-4600
Email: blake@rodriguearcuri.com
*ATTORNEY TO BE NOTICED*

**Timothy R. Richardson**
Richardson Law Group
P.O. Box 310
Madisonville, LA 70447
985-302-3022
Fax: 985-605-7198
Email: trichardson@fralawfirm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Susan Hutson**
*Orleans Parish Sheriff*

represented by **Freeman Rudolph Matthews**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Blake J. Arcuri**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher King**
Orleans Parish Sheriff's Office
2800 Perdido Street
Bldg A 4th Floor
New Orleans, LA 70119
504-256-9864
Email: kingch@opso.us
*ATTORNEY TO BE NOTICED*

**John S. Williams**
The Law Offices of John S. Williams, LLC
1500 Baronne Street
Ste B
New Orleans, LA 70113
504-486-0300
Fax: 504-754-7671
Email: jwilliams@jswlawoffices.com
*TERMINATED: 04/16/2026*

**Timothy R. Richardson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tracey J. Comeaux**

Attorney at Law
Legal
468 Jackson Ave
New Orleans, LA 70130
504-427-8172
Email: traceycomeaux@yahoo.com
*TERMINATED: 04/16/2026*

**Interested Party**

**United States**                                    represented by    **Julian Michael Kurz**
DOJ-Civ
Office of Immigration Litigation (DCS)
Ben Franklin Station
P.O. Box 868
Washington, DC 20044
202-598-7283
Email: julian.m.kurz@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephanie Leigh Groff**
DOJ-Civ
Office of Immigration Litigation Appellate
Section
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878 Ben Franklin Station
Washington DC, DC 20044
202-305-5438
Email: stephanie.l.groff@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Movant**

**Louisiana State**                                    represented by    **Zachary Faircloth**
Louisiana Department of Justice
1885 N 3rd Street
Baton Rouge, LA 70802
225-421-4088
Email: fairclothz@ag.louisiana.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 02/02/2011 | 1 (p.24) | COMPLAINT with jury demand against Marlin N Gusman (Filing fee $ 350 receipt number 053L-2797662) filed by Antonio Ocampo, Mario Cacho. (Attachments: # 1 (p.24) Civil Cover Sheet, # 2 (p.42) Summons)(Rosenbaum, Jennifer) (Entered: 02/02/2011) |
| 02/02/2011 | 2 (p.42) | Notice of Related Case(s) by All Plaintiffs of related case(s) 10-4309. (Rosenbaum, Jennifer) (Entered: 02/02/2011) |

| | | |
|---|---|---|
| 02/02/2011 | 3 (p.45) | EXPARTE/CONSENT MOTION for *Linton Joaquin* to Appear Pro Hac Vice . (Filing fee $ 100 receipt number 053L-2797816) by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Affidavit, # 2 (p.42) certificate of good standing, # 3 (p.45) Proposed Order)(Rosenbaum, Jennifer) Modified on 2/3/2011 to edit text (cab). (Entered: 02/02/2011) |
| 02/02/2011 | 4 (p.51) | EXPARTE/CONSENT MOTION for *Karen Tumlin* to Appear Pro Hac Vice. (Filing fee $ 100 receipt number 053L-2797830) by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Affidavit, # 2 (p.42) Certificate of good standing, # 3 (p.45) Proposed Order)(Rosenbaum, Jennifer) Modified on 2/3/2011 to edit text (cab). (Entered: 02/02/2011) |
| 02/02/2011 | 5 (p.57) | EXPARTE/CONSENT MOTION for *Melissa Keaney* to Appear Pro Hac Vice. (Filing fee $ 100 receipt number 053L-2797848) by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Affidavit, # 2 (p.42) Certificate of good standing, # 3 (p.45) Proposed Order)(Rosenbaum, Jennifer) Modified on 2/3/2011 to edit text (cab). (Entered: 02/02/2011) |
| 02/02/2011 | 6 | Initial Case Assignment to Judge Kurt D. Engelhardt and Magistrate Judge Sally Shushan. (cl, ) (Entered: 02/02/2011) |
| 02/03/2011 | 7 (p.63) | Summons Issued as to Marlin N Gusman. (cab) (Entered: 02/03/2011) |
| 02/03/2011 | 8 | Correction of Docket Entry by Clerk re 3 (p.45) MOTION for *Linton Joaquin* to Appear Pro Hac Vice, 4 (p.51) MOTION for *Karen Tumlin* to Appear Pro Hac Vice and 5 (p.57) MOTION for *Melissa Keaney* to Appear Pro Hac Vice ; Document's signature line is blank. All future documents must reflect either an original signature or an electronic signature following the format 's/(attorney name)'. No further action is necessary. (cab) (Entered: 02/03/2011) |
| 02/10/2011 | 9 (p.65) | ORDER granting 3 (p.45) Motion to Appear Pro Hac Vice as to Linton Joaquin. Signed by Judge Kurt D. Engelhardt on 2/10/2011. (cab) (Entered: 02/14/2011) |
| 02/10/2011 | 10 (p.66) | ORDER granting 5 (p.57) Motion to Appear Pro Hac Vice as to Melissa Keaney. Signed by Judge Kurt D. Engelhardt on 2/10/2011. (cab) (Entered: 02/14/2011) |
| 02/10/2011 | 11 (p.67) | ORDER granting 4 (p.51) Motion to Appear Pro Hac Vice as to Karen Tumlin. Signed by Judge Kurt D. Engelhardt on 2/10/2011. (cab) (Entered: 02/14/2011) |
| 02/15/2011 | 12 (p.68) | ***WRONG EVENT*** NOTICE by All Plaintiffs *of Service of Summons on Defendant Marlin Gusman, Orleans Parish Sheriff*. (Attachments: # 1 (p.24) Proof of Service, # 2 (p.42) Certificate of Service)(Rosenbaum, Jennifer) Modified on 2/16/2011 (cab). (Entered: 02/15/2011) |
| 02/15/2011 | 13 (p.73) | MOTION to Transfer *this Action to Hon. Judge Vance Pursuant to Local Rules 3.1 and 3.1.1* by Mario Cacho and Antonio Ocampo. Motion set for 3/9/2011 09:30 AM before Judge Kurt D. Engelhardt. (Attachments: # 1 (p.24) Memorandum in Support, # 2 (p.42) Exhibit Transcript, Hearing in related case, 2:10cv4309-R, # 3 (p.45) Notice of Submission, # 4 (p.51) Proposed Order, # 5 (p.57) Certificate of Service)(Rosenbaum, Jennifer) Modified on 2/16/2011 to edit text (cab). (Entered: 02/15/2011) |
| 02/15/2011 | 14 (p.96) | SUMMONS Returned Executed; Marlin N Gusman served on 2/8/2011, answer due 4/11/2011. (Attachments: # 1 (p.24) Proof of Service, # 2 (p.42) Certificate of Service)(cab) (Entered: 02/16/2011) |

| | | |
|---|---|---|
| 02/16/2011 | 15 | Correction of Docket Entry by Clerk re 12 (p.68) Notice (Other) ; Filing attorney selected incorrect event. Correct event is "Service of Process - Summons Returned Executed as to USA or Agency of USA." Clerk took corrective action by re-docketing the event. (cab) (Entered: 02/16/2011) |
| 02/16/2011 | 16 (p.101) | ANSWER to 1 (p.24) Complaint by Marlin N Gusman.(Matthews, Freeman) (Entered: 02/16/2011) |
| 02/17/2011 | 17 (p.114) | ORDER and REASONS denying 13 (p.73) Motion to Transfer This Action to Hon. Judge Vance Pursuant to Local Rules 3.1 and 3.1.1 as stated within document. Signed by Judge Kurt D. Engelhardt on 2/16/2011. (cab) Modified on 2/17/2011 to edit document type (cab). (Entered: 02/17/2011) |
| 02/23/2011 | 18 (p.115) | NOTICE - Scheduling Conference set for 3/22/2011 11:15 AM before courtroom deputy by telephone, by Clerk.(cab) (Entered: 02/23/2011) |
| 03/23/2011 | 19 (p.117) | SCHEDULING ORDER: Final Pretrial Conference set for 1/12/2012 10:30 AM before Judge Kurt D. Engelhardt. Jury Trial set for 1/23/2012 08:30 AM before Judge Kurt D. Engelhardt. Signed by Judge Kurt D. Engelhardt on 3/22/2011. (Attachments: # 1 (p.24) Pretrial Notice Form) (cc: Magistrate Judge Shushan)(cab) (Entered: 03/23/2011) |
| 08/26/2011 | 20 (p.132) | EXPARTE/CONSENT MOTION for Extension of Time to Complete Discovery *Responses* by Marlin N Gusman. Motion(s) referred to Sally Shushan. (Attachments: # 1 (p.24) Proposed Order)(Arcuri, Blake) Modified on 8/29/2011 to edit text (cab). (Entered: 08/26/2011) |
| 09/12/2011 | 21 (p.135) | EXPARTE/CONSENT MOTION for Extension of Discovery Deadlines and Trial Date by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Proposed Order)(Rosenbaum, Jennifer) Modified on 9/13/2011 to edit text (cab). (Entered: 09/12/2011) |
| 09/13/2011 | 22 (p.139) | ORDER denying 21 (p.135) Motion for Extension of Discovery Deadlines and Trial Date. Signed by Judge Kurt D. Engelhardt on 9/13/2011. (cab) (Entered: 09/13/2011) |
| 10/11/2011 | 23 (p.140) | EXPARTE/CONSENT MOTION for Entry of Order of Reference to Magistrate Judge by Mario Cacho and Antonio Ocampo. (Attachments: # 1 (p.24) Proposed Order, # 2 (p.42) Consent to Proceed Before Magistrate)(Rosenbaum, Jennifer) Modified on 10/12/2011 to edit text (cab). (Entered: 10/11/2011) |
| 10/13/2011 | 24 (p.145) | ORDER granting 23 (p.140) Motion for Entry of Order of Reference to Magistrate Judge. Signed by Judge Kurt D. Engelhardt on 10/12/2011. (cab) (Entered: 10/14/2011) |
| 10/13/2011 | 25 (p.146) | CONSENT to Jurisdiction and Order referring case to US Magistrate Judge. Judge Kurt D. Engelhardt terminated. Case assigned to Magistrate Judge Sally Shushan for all further proceedings. Signed by Judge Kurt D. Engelhardt on 10/13/2011. (NEF: Magistrate Judge Shushan)(cab) (Entered: 10/14/2011) |
| 10/17/2011 | 26 (p.147) | ORDERED that a Telephone Scheduling Conference is set for 10/31/2011 09:00 AM before Magistrate Judge Sally Shushan. The Court will initiate the conference call. Signed by Magistrate Judge Sally Shushan on 10/17/2011.(gbw, ) (Entered: 10/17/2011) |
| 10/31/2011 | 27 | ORDER Scheduling Settlement Conference for 9/10/2012 01:30 PM. Signed by |

| | | |
|---|---|---|
| | (p.148) | Magistrate Judge Sally Shushan on 10/31/2011.(tsf, ) (Entered: 10/31/2011) |
| 10/31/2011 | 28 (p.150) | Minute Entry for proceedings held before Magistrate Judge Sally Shushan: Scheduling Conference held on 10/31/2011. Final Pretrial Conference set for 9/26/2012 09:30 AM and Jury Trial set for 10/22/2012 08:30 AM before Magistrate Judge Sally Shushan. (Attachments: # 1 (p.24) Pretrial Notice Form) (tsf, ) (Entered: 10/31/2011) |
| 03/12/2012 | 29 (p.161) | ORDER Settlement Conference set for 4/12/2012 09:30 AM. Signed by Magistrate Judge Sally Shushan on 3/12/2012. (tsf, ) (Entered: 03/12/2012) |
| 03/28/2012 | 30 (p.163) | ORDER Rescheduling Settlement Conference for 5/14/2012 09:30 AM before Magistrate Judge Sally Shushan. Signed by Magistrate Judge Sally Shushan on 3/28/2012.(caa, ) (Entered: 03/28/2012) |
| 05/03/2012 | 31 (p.166) | MOTION to Compel *Discovery* by Mario Cacho, Antonio Ocampo. Motion set for 5/23/2012 09:00 AM before Magistrate Judge Sally Shushan. (Rosenbaum, Jennifer) (Additional attachment(s) added on 5/4/2012: # 1 (p.24) Memorandum in Support, # 2 (p.42) Exhibit, # 3 (p.45) Notice of Submission (Civil Only)) (caa, ). (Additional attachment(s) added on 5/4/2012: # 4 (p.51) Proposed Order) (caa, ). (Entered: 05/03/2012) |
| 05/03/2012 | 32 (p.327) | **ERROR: DOCKETED AS SEPARATE DOCUMENT** Memorandum by All Plaintiffs re 31 (p.166) MOTION to Compel *Discovery* (Attachments: # 1 (p.24) Exhibit A (Part 1), # 2 (p.42) Exhibit A (Part 2))(Rosenbaum, Jennifer) Modified on 5/4/2012 (caa, ). (Entered: 05/03/2012) |
| 05/03/2012 | 33 (p.483) | **ERROR: DOCKETED AS SEPARATE DOCUMENT** NOTICE by All Plaintiffs re 32 (p.327) Memorandum, 31 (p.166) MOTION to Compel *Discovery re Notice of Hearing*. (Rosenbaum, Jennifer) Modified on 5/4/2012 (caa, ). (Entered: 05/03/2012) |
| 05/04/2012 | 34 | Correction of Docket Entry by Clerk re 32 (p.327) Memorandum. Document was incorrectly filed as a separate document instead of an attachment to document 31 (p.166) AND Image was erroneously attached in improper size. Filing attorney is reminded of Local Rule 10.1. Clerk took corrective action by resizing the PDF and attaching to proper document. No further action is necessary at this time.(caa, ) (Entered: 05/04/2012) |
| 05/04/2012 | 35 | Correction of Docket Entry by Clerk re 33 (p.483) Notice (Other). Document was incorrectly filed as a separate document instead of an attachment to document 31 (p.166) AND The title of the attached Notice should reflect Notice of Submission instead of Notice of Hearing on the actual document, pursuant to the Local Rules. Clerk took corrective action by attaching to proper document. No further action is necessary at this time.(caa, ) (Entered: 05/04/2012) |
| 05/10/2012 | 36 (p.485) | EXPARTE/CONSENT MOTION to Appear Pro Hac Vice *Elizabeth Stevens* (Filing fee $ 100 receipt number 053L-3509114) by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Affidavit, # 2 (p.42) Certificate of Good Standing, # 3 (p.45) Proposed Order)(Rosenbaum, Jennifer) (Entered: 05/10/2012) |
| 05/14/2012 | 37 (p.491) | Minute Entry for proceedings held before Magistrate Judge Sally Shushan: Settlement Conference held on 5/14/2012. (car, ) (Entered: 05/14/2012) |
| 05/14/2012 | 38 (p.492) | ORDER granting 36 (p.485) Motion to Appear Pro Hac Vice as to Elizabeth A. Stevens. Signed by Magistrate Judge Sally Shushan on 5/11/12. (ala, ) (Entered: |

| | | |
|---|---|---|
| | | 05/14/2012) |
| 05/21/2012 | 39 (p.493) | Minute Entry for proceedings held before Magistrate Judge Sally Shushan: Settlement Conference held on 5/21/2012. (caa, ) (Entered: 05/21/2012) |
| 05/21/2012 | 40 (p.494) | ORDER that 31 (p.166) Motion to Compel Production is hereby CONTINUED WITHOUT DATE. Signed by Magistrate Judge Sally Shushan on 5/21/2012.(caa, ) (Entered: 05/21/2012) |
| 09/26/2012 | 41 (p.495) | Minute Entry for proceedings held before Magistrate Judge Sally Shushan: Telephone Conference held on 9/26/2012. Final Pretrial Conference set for 5/1/2013 09:30 AM before Magistrate Judge Sally Shushan. Jury Trial set for 5/20/2013 08:30 AM before Magistrate Judge Sally Shushan. (Attachments: # 1 (p.24) Pretrial Notice Form) (gec, ) (Entered: 10/03/2012) |
| 10/04/2012 | 42 (p.506) | STIPULATION by All Plaintiffs *Joint Stipulated Protective Order* (Tumlin, Karen) (Entered: 10/04/2012) |
| 10/09/2012 | 43 (p.509) | JOINT STIPULATED PROTECTIVE ORDER. Signed by Magistrate Judge Sally Shushan on 10/9/2012.(caa, ) (Entered: 10/09/2012) |
| 12/21/2012 | 44 (p.512) | **DEFICIENT** Second MOTION to Compel *Discovery* by Mario Cacho, Antonio Ocampo. Motion set for 1/9/2013 09:00 AM before Magistrate Judge Sally Shushan. (Attachments: # 1 (p.24) Exhibit Exhibits A through F, # 2 (p.42) Notice of Submission, # 3 (p.45) Proposed Order)(Rosenbaum, Jennifer) Modified on 12/26/2012 (gec, ). (Entered: 12/21/2012) |
| 01/02/2013 | 45 (p.602) | MOTION to Compel *Discovery Requests* by Mario Cacho, Antonio Ocampo. Motion set for 1/9/2013 09:00 AM before Magistrate Judge Sally Shushan. (Attachments: # 1 (p.24) Notice of Submission, # 2 (p.42) Memorandum in Support, # 3 (p.45) Exhibits A through F , # 4 (p.51) Proposed Order)(Rosenbaum, Jennifer) Modified on 1/3/2013 (gec, ). (Entered: 01/02/2013) |
| 01/03/2013 | 46 | Correction of Docket Entry by Clerk re 45 (p.602) MOTION to Compel *Discovery Requests*. Attachments have duplicate descriptions. For attachments, select either a category OR enter a description, but not both since this results in duplicate docket text. Clerk took corrective action. (gec, ) (Entered: 01/03/2013) |
| 01/03/2013 | 47 (p.694) | ORDER re 45 (p.602) MOTION to Compel, that defendant's response shall be filed by the close of business on 1/8/2013, and plaintiffs' reply shall be filed by the close of business on 1/10/2013. The motion will then be taken under submission on the briefs without oral argument. Signed by Magistrate Judge Sally Shushan.(gec, ) (Entered: 01/03/2013) |
| 01/08/2013 | 48 (p.695) | RESPONSE/MEMORANDUM in Opposition filed by Marlin N Gusman re 45 (p.602) MOTION to Compel *Discovery Requests*. (Attachments: # 1 (p.24) Exhibit A, # 2 (p.42) Supplement to Exhibit A)(Arcuri, Blake) Modified on 1/11/2013 (gec, ). (Entered: 01/08/2013) |
| 01/10/2013 | 49 (p.725) | REPLY to Response to Motion filed by All Plaintiffs re 45 (p.602) MOTION to Compel *Discovery Requests* . (Attachments: # 1 (p.24) Exhibit A, # 2 (p.42) Exhibit B, # 3 (p.45) Exhibit C, # 4 (p.51) Exhibit D, # 5 (p.57) Exhibit E, # 6 Exhibit F)(Rosenbaum, Jennifer) (Entered: 01/10/2013) |
| 01/11/2013 | 50 | Correction of Docket Entry by Clerk re 49 (p.725) Reply to Response to Motion. Document's signature line is blank. All future documents must reflect either an |

| | | original signature or an electronic signature of the filing attorney following the format 's/ (attorney name)'. No further action is necessary. (gec, ) (Entered: 01/11/2013) |
|---|---|---|
| 01/25/2013 | 51 (p.978) | ORDER granting in part and denying in part 45 (p.602) Motion to Compel as stated within document. Signed by Magistrate Judge Sally Shushan. (gec, ) (Entered: 01/25/2013) |
| 01/30/2013 | 52 (p.983) | EXPARTE/CONSENT MOTION to Enroll as Counsel of Record *for Yihong "Julie" Mao* by Mario Cacho. (Attachments: # 1 (p.24) Proposed Order)(Rosenbaum, Jennifer) (Entered: 01/30/2013) |
| 02/01/2013 | 53 (p.987) | ORDER granting 52 (p.983) Motion to Enroll as Counsel of Record for Attorney Yihong Julie Mao for Mario Cacho and Antonio Ocampo. Signed by Magistrate Judge Sally Shushan. (gec, ) (Entered: 02/04/2013) |
| 02/08/2013 | 54 (p.988) | **DEFICIENT** EXPARTE/CONSENT MOTION to Appear Pro Hac Vice *for Melissa Anderson* (Filing fee $ 100 receipt number 053L-3824807) by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Decl. of Ms. Anderson, # 2 (p.42) Cert. of Good Standing, # 3 (p.45) Proposed Order)(Mao, Yihong) Modified on 2/15/2013 (gec, ). (Entered: 02/08/2013) |
| 02/08/2013 | 55 (p.994) | **DEFICIENT** EXPARTE/CONSENT MOTION to Appear Pro Hac Vice *for Ghazal Tajmiri* (Filing fee $ 100 receipt number 053L-3825240) by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Decl. of Ms. Tajmiri, # 2 (p.42) Cert. of Good Standing, # 3 (p.45) Proposed Order)(Mao, Yihong) Modified on 2/8/2013 (gec, ). (Entered: 02/08/2013) |
| 02/14/2013 | 56 (p.1000) | **DEFICIENT** EXPARTE/CONSENT MOTION to Appear Pro Hac Vice *for Ghazal Tajmiri* (Fee previously paid) by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Cert. of Good Standing, # 2 (p.42) Decl. of Ms. Tajmiri, # 3 (p.45) Proposed Order)(Mao, Yihong) Modified on 2/15/2013 (gec, ). (Entered: 02/14/2013) |
| 02/20/2013 | 57 (p.1006) | EXPARTE/CONSENT MOTION to Appear Pro Hac Vice *for Ghazal Tajmiri* (Fee previously paid) by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Cert. of Good Standing, # 2 (p.42) Decl. of Ms. Tajmiri, # 3 (p.45) Proposed Order, # 4 (p.51) E-File Registration Form)(Mao, Yihong) (Entered: 02/20/2013) |
| 02/20/2013 | 58 (p.1013) | EXPARTE/CONSENT MOTION to Appear Pro Hac Vice *for Melissa Anderson* (Fee previously paid) by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Cert. of Good Standing, # 2 (p.42) Decl. of Ms. Anderson, # 3 (p.45) Proposed Order, # 4 (p.51) E-file Registration Form)(Mao, Yihong) (Entered: 02/20/2013) |
| 02/20/2013 | 59 (p.1020) | STIPULATION *Regarding Discovery* by All Parties (Stevens, Elizabeth) Modified on 2/21/2013 (gec, ). (Entered: 02/20/2013) |
| 02/20/2013 | 60 (p.1022) | EXPARTE/CONSENT MOTION *to Clarify Record and Permission to Exceed Discovery Deadline* by Mario Cacho, Antonio Ocampo, Marlin N Gusman . (Attachments: # 1 (p.24) Proposed Order)(Stevens, Elizabeth) Modified on 2/21/2013 (gec, ). (Entered: 02/20/2013) |
| 02/21/2013 | 61 (p.1026) | ORDERED that 31 (p.166) Motion to Compel Production is DENIED AS MOOT. Signed by Magistrate Judge Sally Shushan. (gec, ) (Entered: 02/21/2013) |
| 02/21/2013 | 62 | ORDER granting 57 (p.1006) Motion to Appear Pro Hac Vice as to Ghazal Tajmiri. |

| | | |
|---|---|---|
| | (p.1027) | Signed by Magistrate Judge Sally Shushan. (gec, ) Modified on 2/21/2013 to link to correct document. (gec, ). (Entered: 02/21/2013) |
| 02/21/2013 | 63 (p.1028) | ORDER granting 58 (p.1013) Motion to Appear Pro Hac Vice as to Melissa J. Anderson. Signed by Magistrate Judge Sally Shushan. (gec, ) (Entered: 02/21/2013) |
| 02/21/2013 | 64 (p.1029) | ORDER granting 60 (p.1022) Motion to Clarify Record and Permission to Exceed Discovery Deadline. All fact discovery shall be completed by 3/29/2013. Defendant's counsel has leave to depose Plaintiff Mario Cacho in person at a later date outside the current discovery date, but before trial. Signed by Magistrate Judge Sally Shushan. (gec, ) (Entered: 02/21/2013) |
| 02/28/2013 | 65 (p.1030) | Witness and Exhibit List by Marlin N Gusman. (Matthews, Freeman) (Entered: 02/28/2013) |
| 02/28/2013 | 66 (p.1032) | Exhibit List by Mario Cacho, Antonio Ocampo. (Stevens, Elizabeth) (Entered: 02/28/2013) |
| 02/28/2013 | 67 (p.1042) | Witness List by Mario Cacho, Antonio Ocampo. (Stevens, Elizabeth) (Entered: 02/28/2013) |
| 02/28/2013 | 68 (p.1046) | Supplemental Witness List by All Plaintiffs. (Attachments: # 1 (p.24) Exhibit Resume of James Evans Aiken)(Stevens, Elizabeth) (Entered: 02/28/2013) |
| 02/28/2013 | 69 (p.1064) | Amended Exhibit List by All Plaintiffs. (Stevens, Elizabeth) (Entered: 02/28/2013) |
| 03/26/2013 | 70 (p.1074) | **DEFICIENT** MOTION to Enforce This Court's Order and Modify Fact Discovery Deadline by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Memorandum in Support, # 2 (p.42) Declaration of Elizabeth Stevens, # 3 (p.45) Exhibit A, # 4 (p.51) Exhibit B, # 5 (p.57) Exhibit C, # 6 Exhibit D, # 7 (p.63) Proposed Order)(Stevens, Elizabeth) Modified on 3/27/2013 (gec, ). (Entered: 03/26/2013) |
| 03/28/2013 | 71 (p.1126) | ERROR: DOCKETED AS SEPARATE DOCUMENT NOTICE by Mario Cacho, Antonio Ocampo *OF SUBMISSION OF EVIDENCE RECORDS IN SUPPORT OF MOTION TO ENFORCE THIS COURTS ORDER AND MODIFY FACT DISCOVERY DEADLINE.* (Stevens, Elizabeth) Modified on 3/29/2013 (bbc, ). (Entered: 03/28/2013) |
| 03/28/2013 | 72 (p.1129) | MOTION *to enforce this court's order & modify fact discovery deadline* by Mario Cacho, Antonio Ocampo. Motion set for 4/17/2013 09:00 AM before Magistrate Judge Sally Shushan. (Attachments: # 1 (p.24) Memorandum in Support, # 2 (p.42) Affidavit Of Elizabeth Stevens, # 3 (p.45) Exhibit A to Declaration of Elizabeth Stevens, # 4 (p.51) Exhibit B to Declaration of Elizabeth Stevens, # 5 (p.57) Exhibit C to Declaration of Elizabeth Stevens, # 6 Exhibit D to Declaration of Elizabeth Stevens, # 7 (p.63) Proposed Order)(Stevens, Elizabeth) Modified on 3/29/2013 to edit text & add submission date (bbc, ). (Additional attachment(s) added on 3/29/2013: # 8 Notice of Submission (Civil Only)) (bbc, ). (Entered: 03/28/2013) |
| 03/29/2013 | 73 | Correction of Docket Entry by Clerk re 71 (p.1126) Notice & 72 (p.1129) MOTION to enforce this court's order & modify fact discovery deadline. Document #71 was incorrectly filed as a separate document instead of as an attachment to document #72. Filing attorney should take note of Local Rule 7.2 re Noticing Motions for Submission. A list of available submission dates and times for all judicial officers are available at the court's website |

| | | |
|---|---|---|
| | | (http://www.laed.uscourts.gov/CASES/motions/MoHear.htm). Clerk took corrective action by setting the submission date for 4/17/2013. No further action is necessary. (bbc, ) (Entered: 03/29/2013) |
| 04/15/2013 | 74 (p.1184) | ORDER granting 72 (p.1129) Motion to Enforce This Court's Order and Modify Fact Discovery Deadline as stated within document. Signed by Magistrate Judge Sally Shushan. (gec, ) (Entered: 04/15/2013) |
| 04/15/2013 | 75 (p.1186) | EXPARTE/CONSENT MOTION to Continue *Trial* by Marlin N Gusman. (Attachments: # 1 (p.24) Memorandum in Support, # 2 (p.42) Proposed Order)(Matthews, Freeman) (Entered: 04/15/2013) |
| 04/16/2013 | 76 (p.1191) | RESPONSE to Motion filed by All Plaintiffs re 75 (p.1186) MOTION to Continue *Trial*. (Attachments: # 1 (p.24) Exhibit A, # 2 (p.42) Exhibit B, # 3 (p.45) Exhibit C, # 4 (p.51) Proposed Order Exhibit D)(Mao, Yihong) Modified on 4/17/2013 (gec, ). (Entered: 04/16/2013) |
| 04/17/2013 | 77 (p.1207) | EXPARTE/CONSENT MOTION Withdraw Jury Demand by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Proposed Order)(Tumlin, Karen) (Entered: 04/17/2013) |
| 04/18/2013 | 78 (p.1211) | ORDER: Status Conference set for 4/25/2013 01:30 PM before Magistrate Judge Sally Shushan. Signed by Magistrate Judge Sally Shushan on 4/18/2013.(caa, ) (Entered: 04/18/2013) |
| 04/25/2013 | 79 (p.1212) | ORDER granting 77 (p.1207) Motion Withdraw Jury Demand. Signed by Magistrate Judge Sally Shushan on 4/25/2013. (caa, ) (Entered: 04/25/2013) |
| 04/25/2013 | 80 (p.1213) | ORDER granting 75 (p.1186) MOTION to Continue *Trial* filed by Marlin N Gusman. Signed by Magistrate Judge Sally Shushan on 4/25/2013.(caa, ) (Entered: 04/25/2013) |
| 04/25/2013 | 81 (p.1214) | SCHEDULING ORDER: Final Pretrial Conference set for 8/27/2013 02:00 PM & Bench Trial set for 9/18/2013 08:30 AM before Magistrate Judge Sally Shushan. Signed by Magistrate Judge Sally Shushan on 4/25/2013. (Attachments: # 1 (p.24) Pretrial Notice Form)(caa, ) (Entered: 04/25/2013) |
| 05/07/2013 | 82 (p.1225) | EXPARTE/CONSENT MOTION to Withdraw Elizabeth A. Stevens as Attorney by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Proposed Order)(Mao, Yihong) Modified on 5/8/2013 (gec, ). (Entered: 05/07/2013) |
| 05/13/2013 | 83 (p.1228) | ORDER granting 82 (p.1225) Motion to Withdraw as Attorney. Attorney Elizabeth A. Stevens terminated. Signed by Magistrate Judge Sally Shushan. (gec, ) (Entered: 05/13/2013) |
| 05/30/2013 | 84 (p.1229) | MOTION to Compel *Compliance and/or for Contempt* by Mario Cacho, Antonio Ocampo. Motion set for 6/19/2013 09:00 AM before Magistrate Judge Sally Shushan. (Attachments: # 1 (p.24) Memorandum in Support, # 2 (p.42) Proposed Order, # 3 (p.45) Notice of Submission, # 4 (p.51) Decl. of Yihong "Julie" Mao, # 5 (p.57) Ex A to Mao Decl., # 6 Ex B to Mao Decl., # 7 (p.63) Ex C to Mao Decl., # 8 Ex D to Mao Decl., # 9 (p.65) Ex E to Mao Decl, # 10 (p.66) Ex F to Mao Decl, # 11 (p.67) Ex G to Mao Decl, # 12 (p.68) Ex H to Mao Decl)(Mao, Yihong) (Entered: 05/30/2013) |
| 05/30/2013 | 85 (p.1293) | EXPARTE/CONSENT MOTION to Expedite *Plaintiff's Motion to Compel Compliance and/or for Contempt* by Mario Cacho, Antonio Ocampo. (Attachments: |

| | | |
|---|---|---|
| | | # 1 (p.24) Proposed Order, # 2 (p.42) Memorandum in Support)(Mao, Yihong) (Entered: 05/30/2013) |
| 05/31/2013 | 86 (p.1301) | ORDERED that Plaintiffs' 85 (p.1293) MOTION to Expedite is GRANTED. Defendant's response to 84 (p.1229) MOTION to Compel shall be filed by the close of business on 6/5/2013, and plaintiffs' reply shall be filed by the close of business on 6/7/2013, at which time the Motion to Compel will taken under submission on the briefs without oral argument. Signed by Magistrate Judge Sally Shushan.(gec, ) (Entered: 05/31/2013) |
| 05/31/2013 | 87 (p.1302) | **DEFICIENT** EXPARTE/CONSENT MOTION to Appear Pro Hac Vice *for Nicholas D. Espiritu* (Filing fee $ 100 receipt number 053L-3998469) by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Decl. of Nicholas Espiritu, # 2 (p.42) Cert. of Good Standing, # 3 (p.45) Proposed Order, # 4 (p.51) Registration Form)(Mao, Yihong) Modified on 6/3/2013 (gec, ). (Entered: 05/31/2013) |
| 06/05/2013 | 88 (p.1309) | RESPONSE/MEMORANDUM in Opposition filed by Marlin N. Gusman re 84 (p.1229) MOTION to Compel . (Matthews, Freeman) Modified on 6/6/2013 to add linkage, edit event (bbc, ). (Entered: 06/05/2013) |
| 06/06/2013 | 89 | Correction of Docket Entry by Clerk re 88 (p.1309) MOTION to Compel . Filing attorney selected incorrect event. Clerk has modified to RESPONSE/MEMORANDUM in Opposition filed by Marlin N. Gusman re 84 MOTION to Compel. No further action necessary. (bbc, ) (Entered: 06/06/2013) |
| 06/07/2013 | 90 (p.1311) | EXPARTE/CONSENT MOTION to Appear Pro Hac Vice *for Nicholas D. Espiritu* (Fee previously paid) by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Proposed Order, # 2 (p.42) Cert. of Good Standing, # 3 (p.45) Decl. of Nicholas Espiritu, # 4 (p.51) Registration Form)(Mao, Yihong) (Entered: 06/07/2013) |
| 06/07/2013 | 91 (p.1318) | REPLY to Response to Motion filed by Mario Cacho, Antonio Ocampo re 84 (p.1229) MOTION to Compel *Compliance and/or for Contempt*, 88 (p.1309) MOTION to Compel . (Attachments: # 1 (p.24) Exhibit Declaration of Nicholas Espiritu, # 2 (p.42) Exhibit A to Declaration- Discovery AS400 Deficiencies Chart, # 3 (p.45) Exhibit B to Declaration- Mario Cacho Grievances, # 4 (p.51) Exhibit C to Declaration- Antonio Ocampo Grievances)(Keaney, Melissa) Modified on 6/10/2013 (gec, ). (Entered: 06/07/2013) |
| 06/10/2013 | 92 (p.1350) | ORDERED that 84 (p.1229) Motion to Compel is GRANTED IN PART AND DENIED IN PART as stated within document. Signed by Magistrate Judge Sally Shushan. (gec, ) (Entered: 06/10/2013) |
| 06/10/2013 | 93 (p.1352) | ORDER granting 90 (p.1311) Motion to Appear Pro Hac Vice as to Nicholas D. Espiritu. Signed by Magistrate Judge Sally Shushan. (gec, ) (Entered: 06/13/2013) |
| 07/01/2013 | 94 (p.1353) | EXPARTE/CONSENT MOTION for Entry of Consent Judgment for Injunctive Relief and Damages by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Proposed Order, # 2 (p.42) Ex. A to draft order of consent judgment, settlement agreement, # 3 (p.45) Exhibit B to draft order of consent judgment, OPSO policy)(Rosenbaum, Jennifer) Modified on 7/2/2013 (gec, ). (Entered: 07/01/2013) |
| 08/09/2013 | 95 (p.1367) | EXPARTE/CONSENT Second MOTION to Approve Consent Judgment by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Proposed Order, # 2 (p.42) Ex. A Settlement Agreement, # 3 (p.45) Ex. B, OPSO Policy)(Rosenbaum, Jennifer) (Entered: 08/09/2013) |

| | | |
|---|---|---|
| 08/09/2013 | 96 (p.1382) | CONSENT JUDGMENT entered in favor of Antonio Ocampo and Mario Cacho against Marlin N. Gusman. Signed by Magistrate Judge Sally Shushan on 8/9/2013.(caa, ) (Additional attachment(s) added on 9/13/2013: # 1 (p.24) Exhibit A, # 2 (p.42) Exhibit B) (gec, ). (Entered: 08/09/2013) |
| 08/09/2013 | 97 (p.1394) | ORDER that the previously scheduled final pretrial conference and non-jury trial are hereby CANCELED. Signed by Magistrate Judge Sally Shushan on 8/9/2013.(caa, ) (Entered: 08/09/2013) |
| 09/09/2013 | 98 (p.1395) | MOTION for Attorney Fees *and Costs* by Mario Cacho, Antonio Ocampo. Motion set for 9/25/2013 09:00 AM before Magistrate Judge Sally Shushan. (Attachments: # 1 (p.24) Notice of Submission, # 2 (p.42) Proposed Order, # 3 (p.45) Memorandum in Support, # 4 (p.51) Exhibit A - Summary of Hours, # 5 (p.57) Exhibit B - Decl Linton Joaquin, # 6 Exhibit C - Decl Jennifer Rosenbaum, # 7 (p.63) Exhibit D - Decl William Molinski, # 8 Exhibit E - Summary of Expenses, # 9 (p.65) Exhibit F - Decl Javier Maldonaldo)(Tumlin, Karen) (Entered: 09/09/2013) |
| 09/23/2013 | 99 (p.1579) | EXPARTE/CONSENT MOTION to Continue *Hearing* by Marlin N. Gusman. (Attachments: # 1 (p.24) Memorandum in Support, # 2 (p.42) Proposed Order)(Matthews, Freeman) (Entered: 09/23/2013) |
| 09/23/2013 | 100 (p.1584) | ORDER granting 99 (p.1579) MOTION to Continue *Hearing* filed by Marlin N. Gusman, Resetting Hearing on 98 (p.1395) MOTION for Attorney Fees *and Costs* for 10/30/2013 09:00 AM. Signed by Magistrate Judge Sally Shushan on 9/23/2013.(caa, ) (Entered: 09/24/2013) |
| 10/22/2013 | 101 (p.1585) | RESPONSE to Motion filed by Marlin N. Gusman re 98 (p.1395) MOTION for Attorney Fees *and Costs* . (Arcuri, Blake) (Entered: 10/22/2013) |
| 11/12/2013 | 102 (p.1592) | **DEFICIENT** REPLY to Response to Motion filed by All Plaintiffs re 98 (p.1395) MOTION for Attorney Fees *and Costs*. (Attachments: # 1 (p.24) Exhibit 1 Decl. of Karen Tumlin, # 2 (p.42) Exhibit 2 Decl. of Melissa Anderson, # 3 (p.45) Exhibit 3 Plaintiffs' First Set of RFPs)(Mao, Yihong) Modified on 11/13/2013 (gec, ). (Entered: 11/12/2013) |
| 11/13/2013 | 103 (p.1646) | EXPARTE/CONSENT MOTION for Leave to File *Plaintiffs' Reply in Support of Its Motion for Attorney's Fees and Costs* by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Proposed Order, # 2 (p.42) Plaintiffs' Reply in Support of its Motion for Attorney's Fees and Costs, # 3 (p.45) Exhibit 1 Decl. of Karen Tumlin, # 4 (p.51) Exhibit 2 Decl. of Melissa J. Anderson, # 5 (p.57) Exhibit 3 Plaintiffs' First Set of RFPs)(Mao, Yihong) (Entered: 11/13/2013) |
| 11/15/2013 | 104 (p.1705) | ORDER granting 103 (p.1646) Motion for Leave to File Reply. Signed by Magistrate Judge Sally Shushan on 11/15/2013. (caa, ) (Entered: 11/15/2013) |
| 11/15/2013 | 105 (p.1706) | REPLY to Response to Motion filed by Antonio Ocampo re 98 (p.1395) MOTION for Attorney Fees *and Costs*. (Attachments: # 1 (p.24) Exhibit 1 - 3)(caa, ) (Entered: 11/15/2013) |
| 04/23/2014 | 106 (p.1760) | EXPARTE/CONSENT MOTION to Withdraw Melissa J. Anderson as Attorney by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Proposed Order)(Mao, Yihong) (Entered: 04/23/2014) |
| 04/25/2014 | 107 (p.1763) | ORDER granting 106 (p.1760) Motion to Withdraw as Attorney. Attorney Melissa J. Anderson terminated. Signed by Magistrate Judge Sally Shushan. (gec) (Entered: 04/25/2014) |

| 09/29/2014 | 108 (p.1764) | ORDERED that Plaintiffs' 98 (p.1395) Motion for Attorneys' Fees and Costs is GRANTED IN PART AND DENIED IN PART as stated within document. Signed by Magistrate Judge Sally Shushan. (gec) (Entered: 09/29/2014) |
|---|---|---|
| 09/29/2014 | 109 (p.1777) | JUDGMENT on Attorney Fees in favor of Antonio Ocampo, Mario Cacho against Marlin N. Gusman. Signed by Magistrate Judge Sally Shushan.(gec) (Entered: 09/29/2014) |
| 02/13/2025 | 110 (p.1778) | **DEFICIENT** MOTION to Intervene by State of Louisiana. (Attachments: # 1 (p.24) Proposed Pleading, # 2 (p.42) Exhibit-Consent Decree, # 3 (p.45) Exhibit-Settlement Agreement, # 4 (p.51) Exhibit-Policy)Attorney Zachary Faircloth added to party State of Louisiana(pty:mov).(Faircloth, Zachary) Modified on 2/14/2025 (my). (Entered: 02/13/2025) |
| 02/13/2025 | 111 (p.1810) | **DEFICIENT** MOTION to Intervene by State of Louisiana. (Attachments: # 1 (p.24) Proposed Pleading, # 2 (p.42) Exhibit-Consent Decree, # 3 (p.45) Exhibit-Settlement Agreement, # 4 (p.51) Exhibit-Policy, # 5 (p.57) Notice of Submission)(Faircloth, Zachary) Modified on 2/14/2025 (my). (Entered: 02/13/2025) |
| 02/14/2025 | 112 (p.1844) | MOTION to Intervene by State of Louisiana. Motion(s) will be submitted on 3/5/2025. (Attachments: # 1 (p.24) Memorandum in Support, # 2 (p.42) Notice of Submission Motion to Intervene, # 3 (p.45) Proposed Pleading Motion to Terminate or Dissolve the Consent Decree, # 4 (p.51) Memorandum in Support, # 5 (p.57) Notice of Submission Motion to Terminate or Dissolve the Consent Decree, # 6 Exhibit-Consent Decree, # 7 (p.63) Exhibit-Settlement Agreement, # 8 Exhibit-Policy)Attorney Zachary Faircloth added to party State of Louisiana(pty:mov).(Faircloth, Zachary) Modified on 2/14/2025 (my). (Entered: 02/14/2025) |
| 02/14/2025 | 113 | Correction of Docket Entry by Clerk re 112 (p.1844) MOTION to Intervene . **Case has been reassigned to Magistrate Judge Janis van Meerveld. Motion is set for submission on 3/5/2025.** (my) (Entered: 02/14/2025) |
| 02/14/2025 | 114 (p.1882) | EXPARTE/CONSENT MOTION to Substitute Attorney. Attorney Mary Yanik to be substituted in place of Jennifer Jean Rosenbaum, Yihong Mao by Mario Cacho. (Attachments: # 1 (p.24) Proposed Order)Attorney Mary C. Yanik added to party Mario Cacho(pty:pla).(Yanik, Mary) (Entered: 02/14/2025) |
| 02/18/2025 | 115 | Correction of Docket Entry by Clerk re 114 (p.1882) MOTION to Substitute Attorney. Attorney Mary Yanik to be substituted in place of Jennifer Jean Rosenbaum, Yihong Mao. Document does not contain Magistrate Judge. All future pleadings must reflect Magistrate (1) Janis van Meerveld. (lb) (Entered: 02/18/2025) |
| 02/18/2025 | 116 (p.1885) | ORDER: GRANTING 114 (p.1882) Motion to Substitute Attorney. Mary Yanik shall be enrolled as counsel of record for Plaintiff Mario Cacho. Attorney Yihong Julie Mao and Jennifer Jean Rosenbaum terminated. Signed by Magistrate Judge Janis van Meerveld on 2/18/2025. (lb) (Entered: 02/18/2025) |
| 02/20/2025 | 117 (p.1886) | MOTION to Appear Pro Hac Vice *Cassandra Charles* (Filing fee $ 100 receipt number ALAEDC-10893272) by Mario Cacho. (Attachments: # 1 (p.24) Certificate of Good Standing, # 2 (p.42) Affidavit, # 3 (p.45) ECF Attorney Registration, # 4 (p.51) Proposed Order)(Yanik, Mary) Modified text on 2/21/2025 (lb). (Entered: 02/20/2025) |
| 02/24/2025 | | |

| | | |
|---|---|---|
| | 118 (p.1894) | ORDER: GRANTING 117 (p.1886) Motion to Appear Pro Hac Vice as to Cassandra Charles. Signed by Magistrate Judge Janis van Meerveld on 2/21/2025. (lb) (Entered: 02/24/2025) |
| 02/25/2025 | 119 (p.1895) | EXPARTE/CONSENT Joint Motion to Reset Submission Date as to 112 (p.1844) MOTION to Intervene by Mario Cacho, Susan Hutson, substituted for Marlin N. Gusman, State of Louisiana. (Attachments: # 1 (p.24) Proposed Order)(Charles, Cassandra) Modified on 2/26/2025 (lb). (Entered: 02/25/2025) |
| 02/26/2025 | 120 | Correction of Docket Entry by Clerk re 119 (p.1895) Joint Motion to Reset Submission Date. *1* Documents list counsel of record, John S. Williams, for a party in this action who has not been enrolled in this matter. Future filings which list attorneys not enrolled will not be accepted. Please file a motion and order to enroll additional counsel. *2* Filing attorney should have selected 'Yes' at the question 'Is this an Exparte/Consent Motion Y/N?'. Exparte/Consent Motions are not set for submission. Clerk modified docket text to reflect 'Exparte' and remove submission date. (lb) (Entered: 02/26/2025) |
| 02/26/2025 | 121 (p.1898) | EXPARTE/CONSENT MOTION to Enroll as Counsel of Record by Susan Hutson. (Attachments: # 1 (p.24) Proposed Order)Attorney John S. Williams added to party Susan Hutson(pty:dft).(Williams, John) (Entered: 02/26/2025) |
| 02/27/2025 | 122 (p.1901) | ORDER: GRANTING 121 (p.1898) Motion to Enroll as Counsel of Record for Attorney John Williams and Attorney Tracey J. Comeaux for Susan Hutson. Signed by Magistrate Judge Janis van Meerveld on 2/27/2025. (lb) (Entered: 02/27/2025) |
| 02/28/2025 | 123 (p.1902) | ORDER: GRANTING 119 (p.1895) Motion to Continue. The submission date of the State of Louisiana's Motion to Intervene (Rec. Doc. 112 (p.1844) ) is RESET to April 16, 2025. FURTHER ORDERED that opposition memoranda to the Motion to Intervene (Rec. Doc. 112 (p.1844) ) are due in accordance with the Local Rules, and any memorandum in reply must be filed by 4:00 p.m. on Friday, April 11, 2025. FURTHER ORDERED that the Court will hold a status conference in this matter. The Court will separately communicate with the parties as to the date of the conference. Signed by Magistrate Judge Janis van Meerveld on 2/28/2025. (lb) (Entered: 02/28/2025) |
| 04/07/2025 | 124 (p.1903) | EXPARTE/CONSENT MOTION to Substitute Attorney. Attorney Mary Yanik to be substituted in place of Jennifer Jean Rosenbaum, Yihong Julie Mao by Antonio Ocampo. (Attachments: # 1 (p.24) Proposed Order)Attorney Mary C. Yanik added to party Antonio Ocampo(pty:pla).(Yanik, Mary) (Entered: 04/07/2025) |
| 04/08/2025 | 125 (p.1906) | EXPARTE/CONSENT MOTION to Appear Pro Hac Vice *Jeremy Jong* (Filing fee $ 100 receipt number ALAEDC-10953011) by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Exhibit Certificate of Good Standing, # 2 (p.42) Exhibit Declaration, # 3 (p.45) Exhibit Consent to Electronic Filing, # 4 (p.51) Proposed Order)(Yanik, Mary) (Entered: 04/08/2025) |
| 04/08/2025 | 126 (p.1913) | EXPARTE/CONSENT MOTION to Enroll as Counsel of Record *Matthew S. Vogel* by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Proposed Order)Attorney Matthew Vogel added to party Mario Cacho(pty:pla), Attorney Matthew Vogel added to party Antonio Ocampo(pty:pla).(Vogel, Matthew) (Entered: 04/08/2025) |
| 04/08/2025 | 127 (p.1915) | RESPONSE/MEMORANDUM in Opposition filed by All Plaintiffs re 112 (p.1844) MOTION to Intervene . (Attachments: # 1 (p.24) Espiritu Decl)(Yanik, Mary) (Entered: 04/08/2025) |

| | | |
|---|---|---|
| 04/09/2025 | 128 (p.1944) | ORDER: GRANTING 124 (p.1903) Motion to Enroll as Counsel of Record. Signed by Magistrate Judge Janis van Meerveld on 4/8/2025. (lb) Modified on 4/9/2025 (lb). (Entered: 04/09/2025) |
| 04/09/2025 | 129 (p.1945) | ORDER: GRANTING 126 (p.1913) Motion to Enroll as Counsel of Record. Signed by Magistrate Judge Janis van Meerveld on 4/9/2025. (lb) (Entered: 04/09/2025) |
| 04/10/2025 | 130 (p.1946) | ORDER SETTING ORAL ARGUMENT:The Motion to Intervene filed by the State of Louisiana, by and through Attorney General Elizabeth Murrill, (Rec. Doc. 112 (p.1844) ) will be held on Wednesday, April 30, 2025, at 11:00 a.m., before Magistrate Judge Janis van Meerveld. FURTHER ORDERED that the briefing schedule set forth in the Courts previous order (Rec. Doc. 123 (p.1902) ) shall remain. Signed by Magistrate Judge Janis van Meerveld on 4/10/2025.(lb) (Entered: 04/10/2025) |
| 04/11/2025 | 131 (p.1947) | ORDER GRANTING 125 (p.1906) Motion to Appear Pro Hac Vice. Signed by Magistrate Judge Janis van Meerveld on 4/9/2025. (lb) (Entered: 04/11/2025) |
| 04/11/2025 | 132 (p.1948) | REPLY to Response to Motion filed by Louisiana State re 112 (p.1844) MOTION to Intervene . (Faircloth, Zachary) (Entered: 04/11/2025) |
| 04/23/2025 | 133 (p.1959) | **DEFICIENT** NOTICE of Appearance by Julian Michael Kurz on behalf of United States. Attorney Julian Michael Kurz added to party United States(pty:ip).(Kurz, Julian) Modified on 4/24/2025 (lb). (Entered: 04/23/2025) |
| 04/23/2025 | 134 (p.1960) | Brief by United States - *Statement of Interests in Support of State of Louisiana's Motion to Terminate Consent Judgment* (Kurz, Julian) (Entered: 04/23/2025) |
| 04/23/2025 | 135 (p.1983) | **DEFICIENT** NOTICE of Appearance by Stephanie Leigh Groff on behalf of United States. Attorney Stephanie Leigh Groff added to party United States(pty:ip).(Groff, Stephanie) Modified on 4/24/2025 (lb). (Entered: 04/23/2025) |
| 04/23/2025 | 136 (p.1984) | EXPARTE/CONSENT MOTION for Leave to File *Memorandum in Support of Opposition to The State of Louisiana's Motion to Intervene* by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Proposed Pleading, # 2 (p.42) Proposed Order)Attorney Jeremy Jong added to party Mario Cacho(pty:pla), Attorney Jeremy Jong added to party Antonio Ocampo(pty:pla).(Jong, Jeremy) Modified on 4/24/2025 (lb). (Entered: 04/23/2025) |
| 04/25/2025 | 137 (p.1993) | EXPARTE/CONSENT MOTION to Enroll as Counsel of Record *Cassandra Charles* by Antonio Ocampo. (Attachments: # 1 (p.24) Proposed Order)Attorney Cassandra Charles added to party Antonio Ocampo(pty:pla).(Charles, Cassandra) (Entered: 04/25/2025) |
| 04/25/2025 | 138 (p.1995) | EXPARTE/CONSENT MOTION for Leave to File *Sur-Reply to the State's Reply Memorandum* by Susan Hutson. (Attachments: # 1 (p.24) Proposed Order, # 2 (p.42) Proposed Pleading)(Williams, John) (Entered: 04/25/2025) |
| 04/28/2025 | 139 (p.2001) | ORDER: GRANTING 137 (p.1993) Motion to Enroll as Counsel of Record. Cassandra Charles is hereby enrolled as additional counsel of record for Plaintiff Antonio Ocampo. Signed by Magistrate Judge Janis van Meerveld on 4/28/2025. (lb) (Entered: 04/28/2025) |
| 04/28/2025 | 140 (p.2002) | EXPARTE/CONSENT MOTION to Withdraw Karen Tumlin, Linton Joaquin, Melissa Keaney, and Nicholas Espiritu as Attorney by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Proposed Order)(Charles, Cassandra) (Entered: |

| | | |
|---|---|---|
| | | 04/28/2025) |
| 04/28/2025 | 141 (p.2005) | ORDER: GRANTING 136 (p.1984) Motion for Leave to File Plaintiff's Sur-Reply Memorandum in Opposition and 138 (p.1995) Motion for Leave to File Defendant's Sur-Reply Memorandum. Signed by Magistrate Judge Janis van Meerveld on 4/28/2025. (lb) Modified on 4/28/2025 (lb). (Entered: 04/28/2025) |
| 04/28/2025 | 142 (p.2006) | Plaintiffs' Sur-Reply Memorandum in Opposition filed by Mario Cacho, Antonio Ocampo of 112 (p.1844) MOTION to Intervene . (lb) (Entered: 04/28/2025) |
| 04/28/2025 | 143 (p.2012) | Defendant's Sur-Reply Memorandum filed by Susan Hutson of 112 (p.1844) MOTION to Intervene . (lb) (Entered: 04/28/2025) |
| 04/29/2025 | 144 (p.2015) | ORDER: GRANTING 140 (p.2002) Motion to Withdraw as Attorney. Attorney Melissa Keaney; Karen C. Tumlin; Nicholas D. Espiritu and Linton Joaquin terminated. Signed by Magistrate Judge Janis van Meerveld on 4/29/2025. (lb) (Entered: 04/29/2025) |
| 04/30/2025 | 145 (p.2016) | Minute Entry for proceedings held before Magistrate Judge Janis van Meerveld: Motion Hearing held on 4/30/2025 re 112 (p.1844) MOTION to Intervene. The motion is taken under submission. (Court Reporter Toni Tusa.) (lb) (Entered: 04/30/2025) |
| 07/23/2025 | 146 (p.2017) | Brief by United States - *Supplemental Statement of Interests* (Attachments: # 1 (p.24) Exhibit A - Declaration of Sean Braud)(Kurz, Julian) (Entered: 07/23/2025) |
| 09/30/2025 | 147 (p.2023) | ORDER: IT IS ORDERED that on or before October 8, 2025, the United States shall submit a revised declaration that complies with 28 U.S.C. § 1746 or submit a written explanation of why that is not possible. IT IS FURTHER ORDERED that on or before October 22, 2025, the State and the Sheriff's Office shall each submit a brief of no more than ten pages addressing the impact of the submission of the United States on the "practical impairment" prong of the test for intervention under Federal Rule of Civil Procedure 24(a) (2). Plaintiffs may also submit a brief by that date. Signed by Magistrate Judge Janis van Meerveld on 9/29/2025.(dw) (Entered: 09/30/2025) |
| 09/30/2025 | 148 (p.2025) | Declaration by United States *per Court's 9/30/25 Order* (Kurz, Julian) (Entered: 09/30/2025) |
| 10/22/2025 | 149 (p.2028) | EXPARTE/CONSENT MOTION to Appear Pro Hac Vice *Bridget Pranzatelli* (Filing fee $ 100 receipt number ALAEDC-11204068) by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Exhibit Declaration, # 2 (p.42) Exhibit Certificate of Good Standing, # 3 (p.45) Exhibit E Filing Consent, # 4 (p.51) Proposed Order)(Yanik, Mary) (Entered: 10/22/2025) |
| 10/22/2025 | 150 (p.2035) | Supplemental Memorandum filed by Louisiana State, in In Support of 112 (p.1844) MOTION to Intervene . (Faircloth, Zachary) (Entered: 10/22/2025) |
| 10/22/2025 | 151 (p.2042) | MEMORANDUM filed by Susan Hutson re 112 (p.1844) MOTION to Intervene *OPSO FRCP Rule 24(a)(2) Brief*. (Comeaux, Tracey) (Entered: 10/22/2025) |
| 10/22/2025 | 152 (p.2045) | Brief by All Plaintiffs re 147 (p.2023) Order,, (Attachments: # 1 (p.24) Exhibit Yanik Declaration)(Yanik, Mary) (Entered: 10/22/2025) |
| 10/23/2025 | 153 (p.2071) | ORDER: IT IS ORDERED that the 149 (p.2028) Motion to Appear Pro Hac Vice is DENIED without prejudice. Signed by Magistrate Judge Janis van Meerveld on 10/23/2025. (amj) (Entered: 10/23/2025) |

| | | |
|---|---|---|
| 10/24/2025 | 154 (p.2072) | EXPARTE/CONSENT Second MOTION to Appear Pro Hac Vice *Bridget Pranzatelli* (Filing fee $ 100 receipt number ALAEDC-11206706) by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Exhibit Declaration, # 2 (p.42) Exhibit Certificate of Good Standing, # 3 (p.45) Exhibit ECF Consent Form, # 4 (p.51) Proposed Order)(Yanik, Mary) (Entered: 10/24/2025) |
| 10/27/2025 | 155 (p.2079) | ORDER granting 154 (p.2072) Motion to Appear Pro Hac Vice as to Bridget Pranzatelli. Signed by Magistrate Judge Janis van Meerveld on 10/27/2025. (Attachments: # 1 (p.24) Pro Hac Notice) (amj) (Entered: 10/27/2025) |
| 11/07/2025 | 156 (p.2081) | ORDER granting 112 (p.1844) Motion to Intervene. The State's proposed Motion to Terminate or Dissolve the Consent Decree (Rec. Doc. 112-3) and Memorandum in Support (Rec. Doc. 112-4) shall be entered into the record and said Motion shall be set for submission on December 10, 2025. The opposition and reply memoranda shall be due in accordance with the Local Rules. Signed by Magistrate Judge Janis van Meerveld on 11/7/2025. (amj) (Entered: 11/07/2025) |
| 11/07/2025 | 157 (p.2097) | MOTION to Terminate or Dissolve the Consent Decree by Louisiana State. Motion(s) will be submitted on 12/10/2025. (Attachments: # 1 (p.24) Memorandum in Support)(amj) (Entered: 11/07/2025) |
| 11/14/2025 | 158 (p.2112) | EXPARTE/CONSENT First MOTION for Extension of Deadlines *for Motion Submission Date* by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Proposed Order)(Yanik, Mary) (Entered: 11/14/2025) |
| 11/18/2025 | 159 (p.2115) | ORDER granting 158 (p.2112) Motion for Extension of Deadlines. IT IS ORDERED that the motion submission date for Intervenor State of Louisiana's Motion to Terminate or Dissolve the Consent Decree is hereby reset from December 10, 2025 until December 17, 2025. Signed by Magistrate Judge Janis van Meerveld on 11/18/2025. (amj) (Entered: 11/18/2025) |
| 12/08/2025 | 160 (p.2509) | TRANSCRIPT of Hearing on Motion held on April 30, 2025, before Magistrate Judge Janis van Meerveld. Court Reporter Toni Doyle Tusa, telephone number 504-589-7778. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 3/9/2026. (Tusa, Toni) (Entered: 12/08/2025) |
| 12/08/2025 | 161 (p.2116) | NOTICE by Louisiana State re 157 (p.2097) MOTION to Terminate or Dissolve the Consent Decree . (Faircloth, Zachary) (Entered: 12/08/2025) |
| 12/08/2025 | 162 (p.2118) | EXPARTE/CONSENT MOTION to Appear Pro Hac Vice *Alyssa Barnard-Yanni* (Filing fee $ 100 receipt number BLAEDC-11258747) by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Exhibit Declaration, # 2 (p.42) Exhibit Certificate of Good Standing, # 3 (p.45) Exhibit CMECF Consent, # 4 (p.51) Proposed Order)(Yanik, Mary) (Entered: 12/08/2025) |
| 12/08/2025 | 163 (p.2126) | EXPARTE/CONSENT MOTION to Appear Pro Hac Vice *Anisha Dasgupta* (Filing fee $ 100 receipt number ALAEDC-11258752) by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Exhibit Declaration, # 2 (p.42) Exhibit Certificate of Good Standing, # 3 (p.45) Exhibit CMECF Consent, # 4 (p.51) Proposed Order)(Yanik, Mary) (Entered: 12/08/2025) |
| 12/09/2025 | 164 (p.2134) | RESPONSE/MEMORANDUM in Opposition filed by All Plaintiffs re 157 (p.2097) MOTION to Terminate or Dissolve the Consent Decree . (Yanik, Mary) (Entered: |

| | | 12/09/2025) |
|---|---|---|
| 12/09/2025 | 165 (p.2169) | Request/Statement of Oral Argument by All Plaintiffs regarding 157 (p.2097) MOTION to Terminate or Dissolve the Consent Decree . (Yanik, Mary) (Entered: 12/09/2025) |
| 12/10/2025 | 166 (p.2171) | ORDER granting 162 (p.2118) Motion to Appear Pro Hac Vice as to Alyssa Barnard-Yanni. Signed by Magistrate Judge Janis van Meerveld on 12/9/2025. (Attachments: # 1 (p.24) Pro Hac Notice) (amj) (Entered: 12/10/2025) |
| 12/10/2025 | 167 (p.2173) | ORDER granting 163 (p.2126) Motion to Appear Pro Hac Vice as to Anisha S Dasgupta. Signed by Magistrate Judge Janis van Meerveld on 12/9/2025. (Attachments: # 1 (p.24) Pro Hac Notice) (amj) (Entered: 12/10/2025) |
| 12/11/2025 | 168 (p.2175) | EXPARTE/CONSENT MOTION to Withdraw Ghazal Tajmiri as Attorney by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Proposed Order)(Yanik, Mary) (Entered: 12/11/2025) |
| 12/12/2025 | 169 | Correction of Docket Entry by Clerk re 168 (p.2175) MOTION to Withdraw Ghazal Tajmiri as Attorney . The title of the attached proposed order should not include the word 'Proposed' but only reflect 'Order' on the actual document. (amj) (Entered: 12/12/2025) |
| 12/12/2025 | 170 (p.2177) | ORDER granting 168 (p.2175) Motion to Withdraw as Attorney. Attorney Ghazal Tajmiri is withdraw as counsel of record. Signed by Magistrate Judge Janis van Meerveld on 12/12/2025. (amj) (Entered: 12/12/2025) |
| 12/15/2025 | 171 (p.2178) | REPLY to Response to Motion filed by Louisiana State re 157 (p.2097) MOTION to Terminate or Dissolve the Consent Decree . (Faircloth, Zachary) (Entered: 12/15/2025) |
| 12/16/2025 | 172 | TEXT ORDER (No PDF Document Attached) re 165 (p.2169) Request/Statement of Oral Argument filed by Mario Cacho, Antonio Ocampo, 157 (p.2097) MOTION to Terminate or Dissolve the Consent Decree filed by Louisiana State. Oral argument will not be held on December 17, 2025, but may be set at a later date in the discretion of the Court. Signed by Magistrate Judge Janis van Meerveld.(mlkw) (Entered: 12/16/2025) |
| 12/17/2025 | 173 (p.2189) | EXPARTE/CONSENT MOTION to Withdraw Matthew Vogel as Attorney by Mario Cacho, Antonio Ocampo. (Attachments: # 1 (p.24) Proposed Order)(Vogel, Matthew) (Entered: 12/17/2025) |
| 12/18/2025 | 174 (p.2191) | ORDER granting 173 (p.2189) Motion to Withdraw as Attorney. It is hereby ORDERED that Matthew S. Vogel be permitted to withdraw as counsel of record in this case. Signed by Magistrate Judge Janis van Meerveld on 12/18/2025. (amj) (Entered: 12/18/2025) |
| 02/10/2026 | 175 (p.2192) | MOTION to Consolidate Cases by Susan Hutson. Motion(s) will be submitted on 2/25/2026. (Attachments: # 1 (p.24) Proposed Order, # 2 (p.42) Memorandum in Support, # 3 (p.45) Exhibit, # 4 (p.51) Notice of Submission)(Comeaux, Tracey) (Entered: 02/10/2026) |
| 02/17/2026 | 176 (p.2303) | RESPONSE/MEMORANDUM in Opposition filed by United States re 175 (p.2192) MOTION to Consolidate Cases . (Mansfield, Peter) (Entered: 02/17/2026) |
| 02/17/2026 | 177 (p.2313) | RESPONSE/MEMORANDUM in Opposition filed by Louisiana State re 175 (p.2192) MOTION to Consolidate Cases . (Faircloth, Zachary) (Entered: |

| | | |
|---|---|---|
| | | 02/17/2026) |
| 02/18/2026 | 178 (p.2319) | ORDER AND REASONS: The Motion to Terminate or Dissolve the Consent Decree (Rec. Doc. 157 (p.2097) ) is taken under submission pending the resolution of the preceding questions. Signed by Magistrate Judge Janis van Meerveld on 2/18/2026. (amj) (Entered: 02/18/2026) |
| 02/18/2026 | 180 (p.2340) | NOTICE OF CERTIFICATION TO LOUISIANA SUPREME COURT. Signed by Magistrate Judge Janis van Meerveld on 2/18/2026. (Attachments: # 1 (p.24) Transmittal letter) (cc: emailed copy to LA Supreme Court as well as cc via US Mail)(lag) (Entered: 02/19/2026) |
| 02/19/2026 | 179 (p.2337) | NOTICE OF APPEAL by Louisiana State as to 178 (p.2319) Order and Reasons. (Filing fee $ 605, receipt number ALAEDC-11344353.) (Faircloth, Zachary) Modified text on 2/20/2026 (amj). (Entered: 02/19/2026) |
| 02/19/2026 | 181 (p.2349) | Certified Docket Sheet and documents sent to the LA Supreme Court via email and mail on 2/19/2026. (lag) (Entered: 02/19/2026) |
| 02/23/2026 | 182 (p.2494) | Louisiana Supreme Court Acknowledgment Letter dated February 23, 2026. (Attachments: # 1 (p.24) Notice) (my) (Entered: 02/23/2026) |
| 03/09/2026 | 183 (p.2497) | ORDER AND REASONS: The Motion to Consolidate Cases (Rec. Doc. 175 (p.2192) ) is DENIED. Signed by Magistrate Judge Janis van Meerveld on 3/9/2026. (amj) (Entered: 03/09/2026) |
| 03/11/2026 | 184 | USCA Case Number 26-30101 appealed to USCA, 5th Cir. for 179 (p.2337) Notice of Appeal filed by Louisiana State. (amj) (Entered: 03/11/2026) |
| 03/24/2026 | 185 (p.2503) | APPEAL TRANSCRIPT REQUEST by Louisiana State for proceedings held on 4/30/25 re 179 (p.2337) Notice of Appeal. (Transcript(s) ordered) (Court Reporter Toni Tusa noticed) (Faircloth, Zachary) (Entered: 03/24/2026) |
| 04/15/2026 | 186 (p.2505) | EXPARTE/CONSENT MOTION to Substitute Attorney. Attorney Christopher King to be substituted in place of John Williams and Tracey Comeaux by Susan Hutson. (Attachments: # 1 (p.24) Proposed Order)(Williams, John) Modified text on 4/16/2026 (amj). (Entered: 04/15/2026) |
| 04/16/2026 | 187 (p.2508) | ORDER: granting 186 (p.2505) Motion to Substitute Attorney. Tracey Comeaux and John Williams are hereby withdrawn as counsel of record for Orleans Parish Sheriff Susan Hutson. FURTHER ORDERED that Christopher King is hereby substituted and enrolled as counsel for Orleans Parish Sheriff Susan Hutson. Signed by Magistrate Judge Janis van Meerveld on 4/16/2026. (amj) (Entered: 04/16/2026) |

CACHO ET AL v. GUSMAN (2:11-cv-00225-JVM)

# <u>Tab 2</u>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARIO CACHO, ET AL.                          NO.:  11-225

VERSUS                                        DIVISION: (1)

SHERIFF MARLIN N. GUSMAN,                     MAGISTRATE JUDGE
ORLEANS PARISH SHERIFF                        JANIS VAN MEERVELD

ORDER AND REASONS

This lawsuit was filed in 2011 by two individuals alleging the Orleans Parish Sheriff held them in custody without lawful authority for months after the applicable hold request from the United States Immigration and Customs Enforcement ("ICE") had expired. The parties settled and the Court entered a consent decree, which required the Sheriff to enter into a policy concerning ICE detainer requests. The policy is to "remain permanently in effect absent a change in federal or state law applicable to immigration detainers."

In 2024, the State of Louisiana enacted a statute that prohibits "sanctuary" policies and requires law enforcement agencies to "use best efforts to support the enforcement of federal immigration law." The State contends that this statute amounts to a change in state law applicable to immigration detainers. The Court allowed the State to intervene to pursue the present Motion to Terminate or Dissolve the Consent Decree (Rec. Doc. 157).

The Court finds that the limitations on prospective relief imposed by the Prison Litigation Reform Act and invoked by the State are inapplicable to this lawsuit. And, while the State may be entitled to relief under Federal Rule of Civil Procedure 60, three questions of state law must first be resolved. The Court finds these questions must be decided by the Louisiana Supreme Court. Accordingly, will certify the following questions to the Louisiana Supreme Court:

1

26-30101.2319

1. Does Act 314 apply to the pre-existing consent decree at issue in this lawsuit in light of the text of the statute and the legislative history?

2. Is Act 314 invalid because it infringes on the "home rule" provisions of the Louisiana Constitution?

3. Is Act 314 invalid under Article 6, Section 14 of the Louisiana Constitution as an unfunded mandate?

The Motion to Terminate or Dissolve the Consent Decree (Rec. Doc. 157) is taken under submission pending the resolution of the preceding questions.

Background

Federal regulations provide that an authorized immigration officer can issue a "detainer," which advises "another law enforcement agency that the Department seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien" and requests "that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible." 8 C.F.R. § 287.7(a).

> Upon a determination by the Department to issue a detainer for an alien not otherwise detained by a criminal justice agency, such agency shall maintain custody of the alien for a period ***not to exceed 48 hours***, excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by the Department.

Id. § 287.7(d) (emphasis added).

Plaintiff Mario Cacho completed his sentence for disturbing the peace on August 21, 2009. Rec. Doc. 1, at 6. The Sheriff continued to hold Cacho based on the purported authority of a hold request from ICE originally made on July 31, 2009. ICE did not take custody of Cacho or issue an arrest warrant. The Sheriff held Cacho for a period of 164 days in excess of the 48 hours provided by the regulation until February 5, 2010.

2

Plaintiff Antonio Ocampo completed his concurrent sentence for two counts of simple battery on August 12, 2010. Sheriff Gusman continued to hold him in custody pursuant to a hold request from ICE originally made on February 23, 2010. ICE did not take custody of Ocampo or issue an arrest warrant. Ocampo remained in the Sheriff's custody for 91 days in excess of the 48 hours provided by the regulation until November 15, 2010.

Cacho and Ocampo filed suit against the Sheriff in February 2011, asserting claims for deprivation of liberty and due process violations under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution; false imprisonment; and negligence. They sought declaratory relief and money damages. The parties consented to proceed before Magistrate Judge Shushan.[1] Rec. Doc. 25. The parties eventually settled and entered into a consent decree, approved and signed by Judge Shushan, which awarded monetary damages to Plaintiffs and required the Sheriff to adopt and implement the Orleans Parish Sheriff's Office Policy on Immigration and Customs Enforcement Procedures attached thereto (hereinafter the "policy"). The one-page policy provides:

1. For purposes of this section, a voluntary Immigrations and Customs Enforcement ("ICE") detainer request shall be defined as any request, including but not limited to Form 1- 247 (also known as a "48 hour hold"), which seeks continued detention of an inmate beyond expiration of municipal, state, or federal charges, or a finding of no probable cause, or a posting of bail or parole, or a completion of a sentence, or lifting of another jurisdiction or agency's detainer, or a court ordered release. ICE criminal warrants, or any court order for continued detention shall not be considered voluntary ICE detainer requests for purposes of this section.

2. The Orleans Parish Sheriff's Office shall decline all voluntary ICE detainer requests unless the individual's charge is for one or more of the following offenses: First Degree Murder (La. R.S. 14:30); Second Degree Murder (La. R.S. 14:30.1); Aggravated Rape (La. R.S. 14:42); Aggravated Kidnapping (La. R.S. 14:44); Treason (La. R.S. 14:113); or Armed Robbery with Use of a Firearm (La. R.S. 14:64.3). If a court later dismisses or reduces the individual's charge such that the individual is no longer charged with

---

[1] Magistrate Judge Shushan retired on July 31, 2016, and this matter has been re-assigned to the undersigned.

3

one of the above offenses or the court recommends declining the ICE hold request, OPSO will decline the ICE hold request on that individual.

3.  OPSO officials shall not initiate any immigration status investigation into individuals in OPSO custody or affirmatively provide information on an inmate's release date or address to ICE.

4.  Prior to any interview pertaining to an ICE criminal investigation, ICE must notify the subject inmate's attorney, provide a reasonable opportunity for counsel to be present during the interview, and certify to OPSO that this notice and opportunity has occurred. Absent a criminal warrant or court order transferring custody, no ICE agent shall be permitted into the secure area of the Intake and Processing Center. Absent a court order, OPSO shall not allow ICE to conduct civil immigration status investigations at OPSO or otherwise interview an inmate before the detainee's first appearance.

5.  Any individual who alleges a violation of the policy set forth herein may file a written complaint for investigation with the Orleans Parish Sheriff's Director of Intake and Processing.

Rec. Doc. 96-2. Paragraph 4 of the consent decree requires this policy "remain permanently in effect absent a change in federal or state law applicable to immigration detainers." Rec. Doc. 96, ¶ 4. The Orleans Parish Sheriff's Office has been operating pursuant to this policy since 2013.

More than a decade later, the Louisiana Legislature drafted and passed S.B. 208, which the Governor signed into law on May 28, 2024, titled the "Prohibition on Sanctuary Policies for Illegal Immigration." *See* 2024 La. Sess. Law Serv. Act 314 (S.B. 208) (codified at La. Stat. Ann. § 33:81-33:85). The law became effective the same day. Id. It provides, in relevant part, that "[a] state entity, law enforcement agency, or local governmental entity may not adopt or have in effect a sanctuary policy" and "[a] law enforcement agency shall use best efforts to support the enforcement of federal immigration law." La. Stat. Ann. §§ 33:82; 33:83. The term "sanctuary policy" is defined as follows:

a law, policy, practice, procedure, or custom adopted or allowed by a state entity or local governmental entity which prohibits or impedes a law enforcement agency from complying with 8 U.S.C. 1373 or which prohibits or impedes a law enforcement agency from communicating or cooperating with a federal immigration agency so as to limit that law enforcement agency in, or prohibit the agency from, any of the following:

4

26-30101.2322

> (a) Complying with an immigration detainer.
> (b) Complying with a request from a federal immigration agency to notify the agency before the release of a detainee in the custody of the law enforcement agency.
> (c) Providing a federal immigration agency access to a detainee for interview.
> …

Id. § 33:81(6).

The State contends that the consent decree should be terminated under the Prison Litigation Reform Act ("PLRA"), which contains certain provisions concerning prospective injunctive relief. Alternatively, it argues that the consent decree should be dissolved under Federal Rule of Civil Procedure 60(b)(5) because the consent decree has been "satisfied, released, or discharged" as a result of the new law, which it says triggers the part of the consent decree that provides the policy will have "permanent effect, absent a change in federal or state law applicable to immigration detainers." Finally, it argues that applying the consent decree prospectively is no longer equitable and it is therefore subject to termination under the third clause of Rule 60(b)(5). The State insists that the public's interest is manifested by the duly enacted legislation and reflects that continued enforcement of the consent decree conflicts with the public's interest.

Plaintiffs counter that the PLRA does not apply here because their suit does not concern prison conditions and because they challenge their detention after (not while) they were "prisoners" as defined by the PLRA. As to dissolution under Rule 60(b), they argue that the Court should certify to the Louisiana Supreme Court questions such as whether the state's new law applies to existing consent decrees like the one at issue here, whether it is unconstitutional as an infringement of Louisiana's constitutional protection of home rule, and whether the new law is invalid because it requires increased expenditures from local government without the requisite funds. If the Court does not certify these questions to the Louisiana Supreme Court, plaintiffs argue

5

26-30101.2323

that the consent decree cannot be dissolved as satisfied, released, or discharged because the State is not a party to the consent decree. Further, they argue that the Court should reject as absurd the State's argument that any change in law applicable to immigration detainers, no matter how immaterial, releases the Sheriff from maintaining the policy. As to the third clause of Rule 60(b)(5) allowing a court to grant relief when applying a consent decree is no longer equitable, plaintiffs insist that the equities weigh in favor of enforcing the consent decree because of the issues they propose be certified to the Louisiana Supreme Court. Finally, they argue that even if there is a conflict and the new law is valid, the parties should be allowed an opportunity to confer and modify the consent decree in lieu of termination.

Law and Analysis

1. *The PLRA does not apply.*

The PLRA was enacted in the mid-1990s to bring a "sharp rise in prisoner litigation . . . under control." Woodford v. Ngo, 548 U.S. 81, 84 (2006). It contains provisions "requiring district courts to weed out prisoner claims that clearly lack merit," "prohibiting claims for emotional injury without prior showing of physical injury," and requiring that prisoners challenging prison conditions exhaust administrative remedies before filing suit. Id. Additionally, the statute imposes limits on prospective relief, providing as follows:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. § 3626 (a)(1)(A). An intervenor or defendant is entitled to "immediate termination of any prospective relief if the relief was approved or granted in the absence of" a finding that the relief was narrowly drawn, necessary to correct, and the least intrusive as required by § 3626

6

(a)(1)(A). Id. § 3626(b)(2). Additionally, "[i]n any civil action with respect to prison conditions in which prospective relief is ordered, such relief shall be terminable upon the motion of any party or intervener . . . 2 years after the date the court granted or approved the prospective relief." Id. § 3626(b)(1)(i).  But,

> Prospective relief shall not terminate if the court makes written findings based on the record that prospective relief remains necessary to correct a current and ongoing violation of the Federal right, extends no further than necessary to correct the violation of the Federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation.

18 U.S.C. § 3626(b)(3).

The statute requires the court to "promptly rule on any motion to modify or terminate prospective relief in a civil action with respect to prison conditions" and provides that "[m]andamus shall lie to remedy any failure to issue a prompt ruling on such a motion." Id. § 3626(e)(1).  "Any motion to modify or terminate prospective relief made under subsection (b) shall operate as a stay during the period . . . beginning on the 30th day after such motion is filed . . . ." Id. § 3626(e)(2).

By their express terms, these requirements apply to "any civil action with respect to prison conditions," which is defined as "any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison." Id. § 3626(g)(2).

There is no dispute that when the Court issued the consent decree here, it did not make an explicit finding "that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right" as would be required under the PLRA. Id. § 3626(a)(1)(A). Plaintiffs' position

7

26-30101.2325

is that this is irrelevant because the PLRA does not apply. They insist their suit is not "with respect to prison conditions."[2]   The State insists that plaintiffs' lawsuit meets the definition of an action with respect to prison conditions because the Sheriff's actions in submitting to ICE hold requests allegedly resulted in indefinite detention, which affected the plaintiffs' lives. The State thus focuses on the second clause of the definition: "any civil proceeding arising under Federal law with respect to . . . the effects of actions by government officials on the lives of persons confined in prison." Id. § 3626 (g)(2).

Only one case has been submitted that is directly on point. In Seth v. McDonough, a district court found that the PLRA did not apply to plaintiffs' over-detention claim because the court did "not view that claim as challenging the conditions of their confinement, but rather a purported policy of detaining individuals beyond the point at which they are legally entitled to release." 461 F. Supp. 3d 242, 255 n.14 (D. Md. 2020).[3] This is the better view.

The analysis of the Third Circuit Court of Appeals in Booth v. Churner,  a case cited by the State, is instructive. The Booth court explained that the "conditions of confinement clause" of

---

[2] While the prospective relief provisions of the PLRA at issue here concern certain types of civil actions, other provisions of the PLRA revolve around the term "prisoner" and the plaintiff's status as an incarcerated person. For example, the *in forma pauperis* provisions of the PLRA impose certain requirements concerning fees to be paid by a prisoner and barring a prisoner from bringing a civil action if "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g). The Fifth Circuit has held that these provisions do not apply to immigration detainees because they are not "prisoners" within the meaning of the PLRA. Ojo v. I.N.S., 106 F.3d 680, 682 (5th Cir. 1997). The PLRA also provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Fifth Circuit has held that *former* prisoners are not required to exhaust remedies under the PLRA. E.g., Bernal v. Bexar Cnty., 757 F. App'x 316, 319–20 (5th Cir. 2018).

[3] The plaintiffs also cite Banks v. York, where the court applied the requirements of the PLRA to plaintiff's Eighth Amendment challenges to the lack of reading material and a recreational budget at the jail, the commissary's failure to stock certain items like lotion and hair oil, his exposure to the stench created by regular sewage backups, and the jail's use of bunkbeds without ladders, but did not apply the PLRA's requirements to his claim challenging the jail's miscalculation of his sentence which resulted in his detention for 39 days past the day he should have been released. 515 F. Supp. 2d 89, 105 (D.D.C. 2007). But in Banks, it appears no party argued that the PLRA applied to the over-detention claims, and the Court did not explain its reasoning for not doing so.

8

the "prison conditions" definition encompasses "complaints such as those regarding cell overcrowding, poor prison construction, inadequate medical facilities, and incomplete law libraries." 206 F.3d 289, 294 (3d Cir. 2000). As to "the effects of actions by government officials on the lives of persons confined in prison" clause, the court held that it refers to "civil actions ranging from excessive force actions . . . to actions 'with respect to' a prison official's decision not to make basic repairs in the prison, or intentionally to deny a prisoner food, heating, or medical attention." Id. at 294-95. The State hooks into the Booth court's conclusion that "[a]ll of these actions affect the lives of prisoners similarly: They make their lives worse." Id. at 295. In context, though, it is clear the Booth court was concerned with complaints by an incarcerated person about their day-to-day experience in prison (experiencing hunger when denied food, experiencing cold when denied heat, experiencing health problems when denied medical care, experiencing injury when subjected to beating), not the possibility that they had been held unlawfully in excess of their sentence.

The Booth court's interpretation of the definition of "prison conditions" makes common sense. In contrast, the State's proposal divorces the definition of "prison conditions" entirely from the plain meaning of the words "prison conditions." The State would seem to include any government action that impacts a person confined in prison—but had that been the intent of Congress, it would have said so. The inclusion of "lives of" in the definition must have meaning. Instead of over-stretching the definition, the more logical course is to understand an action affecting the "lives of persons confined in prison" as an action impacting the experience and/or quality of the prisoners' lives in prison, and not the mere fact that they are there.

Notably, the State does not cite a single case where the prospective relief limitations of the PLRA were applied to an over-detention challenge. Instead, almost every case cited by the State

9

26-30101.2327

interprets the effects on persons confined in prison clause as applying to actions that impact a person's experience in prison. See Smith v. Zachary, 255 F.3d 446, 449 (7th Cir. 2001) (finding the plaintiff's claim challenging his alleged assault by prison guards fell under the second clause as a suit arising "from the 'effects of actions by government officials on the lives of persons confined in prison.'" (quoting 18 U.S.C. § 3626(g)(2)); Freeman v. Francis, 196 F.3d 641, 644 (6th Cir. 1999) (holding that "prison conditions" under the PLRA includes claims of excessive force); Handberry v. Thompson, 446 F.3d 335, 344 (2d Cir. 2006) (holding that a challenge to the adequacy of defendants' provision of educational services concerned the effects of actions by government officials on the lives of persons confined to prison as provided by the PLRA).[4]

And as the plaintiffs point out, this circuit has seen no shortage of claims under 42 U.S.C. § 1983 challenging over-detention, but none have applied the requirements of the PLRA. E.g., Hicks v. LeBlanc, 81 F.4th 497, 501 (5th Cir. 2023) (alleging unlawful detention by Louisiana Department of Public Safety and Corrections (DPSC) 60 days after expiration of prison sentence); Crittindon v. LeBlanc, 37 F.4th 177, 181 (5th Cir. 2022) (alleging that "DPSC officials, in violation of the Fourteenth Amendment, looked away from the administrative failure they knew was leaving prisoners in jail who had served their sentences"); Traweek v. LeBlanc, No. 21-30096, 2022 WL 2315444, at *1 (5th Cir. June 28, 2022) (challenging his detention by DPSC for 20 days beyond his release date); see Grant v. Gusman, No. CV 17-2797, 2018 WL 3869494, at *1 (E.D. La. Aug. 14, 2018) (challenging his detention by DPSC for 27 days after being sentenced to time served); Buchicchio v. LeBlanc, 656 F. Supp. 3d 643, 649 (M.D. La. 2023) (alleging DPSC "unlawfully

---

[4] The State also cites Martin v. Iowa, where the Eighth Circuit held that plaintiff's claim that his purported right to a personal interview during the parole process was an action with respect to prison conditions and subject to the requirements of the PLRA. 752 F.3d 725, 726 (8th Cir. 2014). This case seems to stretch the definition of an effect "on the lives of persons confined in prison" beyond a commonsense understanding of a prison condition. Nonetheless, the parole procedures being challenged in the Martin case affected the prisoner's experience in prison as opposed to resulting in allegedly illegal confinement.

10

delayed his release for twelve weeks after the expiration of his sentence"). While the State is correct that these all appear to be lawsuits for damages and not demands for prospective relief, the present lawsuit also began with a demand for declaratory relief and damages. Rec. Doc. 1, at 14. There is, as of yet, no indication that any of these over-detention cases has even considered imposing any of the PLRA's requirements.

Additionally, the explicit exclusion of "habeas corpus proceedings challenging the fact or duration of confinement in prison" from the definition of "any civil action with respect to prison conditions" makes clear that prison conditions means conditions in the prison and not the lawfulness of detention.[5] Moreover, while it might make some sense to impose limitations on prospective relief like those in the PLRA to any prospective relief purporting to indefinitely bind an arm of the state regardless of the subject matter, it is obvious that the PLRA does not extend that far.

Further, this plain interpretation of the statutory text is consistent with legislative history cited by the plaintiffs. Senator Hatch, for example, observed that 24 correctional facilities had been put under court-ordered population caps. 152 Cong. Rec. S14418 (09/27/1995). He explained "[w]hile prison conditions that actually violate the Constitution should not be allowed to persist, I believe that the courts have gone too far in micromanaging our Nation's prisons." Id. Senator Kyl observed that "[f]ederal prison lawsuits have risen from 2,000 in 1970 to 39,000 in 1994" and explained that "[p]risoners file free lawsuits in response to almost any perceived slight or inconvenience—being served chunky instead of creamy peanut butter, for instance, or being denied the use of a Gameboy video game." Id. Senator Abraham, addressing the legislation's restrictions on "court-ordered remedies in prison conditions cases," observed that judicial decrees

---

[5] The fact that § 1983 claims by former prisoners challenging unlawful detention were not explicitly excluded reflects the fact that the entirety of the PLRA is focused on suits by prisoners—not former prisoners.

11

in Michigan resulted in federal courts monitoring "how warm the food is," "how right the lights are," "whether there are electrical outlets in each cell," "whether windows are inspected and up to code," whether prisoners' hair is cut only by licensed barbers," and "whether air and water temperatures are comfortable." Id. S14419. He expressed his opinion that "criminals, while they must be accorded their constitutional rights, deserve to be punished" and "their lives should, on the whole, be describable by the old concept known as 'hard time.'" Id. He complained that courts had been "interfering with the fulfilment of this punitive function" and the proposed legislation would "return sanity and State control to our prison systems." Id.

The Court finds that a civil action like this one,  by individuals who are no longer in prison and seek relief for being detained beyond their lawful period of incarceration is not a "civil action with respect to prison conditions." Therefore, the restrictions on prospective relief imposed by the PLRA are inapplicable to the plaintiffs' claims in this lawsuit.

*2. Termination of Consent Decrees Pursuant to Rule 60*

Both the United States Supreme Court and the Fifth Circuit have recognized some of the issues raised by longstanding "institutional reform injunctions." Consent decrees implicate federalism concerns because they impact "areas of core state responsibility." Horne v. Flores, 557 U.S. 433, 448 (2009); see Chisom v. Louisiana ex rel. Landry, 116 F.4th 309, 316–17 (5th Cir. 2024). They often "remain in force for many years, and the passage of time frequently brings about changed circumstances . . . ." Horne, 557 U.S. at 448. Sometimes officials agree to decrees that "go well beyond what is required by federal law," and years later, such injunctions "bind state and local officials to the policy preferences of their predecessors and may thereby 'improperly deprive future officials of their designated legislative and executive powers.'" Id. at 449 (quoting Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 441 (2004)). Thus, the Supreme Court instructs that "[t]he

12

federal court must exercise its equitable powers to ensure that when the objects of the decree have been attained, responsibility for discharging the State's obligations is returned promptly to the State and its officials." <u>Frew</u>, 540 U.S. at 442.

> It can do so pursuant to Federal Rule of Civil Procedure 60(b)(5), which provides:
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [where] the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.

Fed. R. Civ. P. 60(b)(5). This Rule applies to consent decrees, like other judgments. <u>Frew v. Janek</u>, 780 F.3d 320, 326 (5th Cir. 2015). "The vast majority of motions for modification and termination of consent decrees, especially those involving institutional reform, invoke Rule 60(b)(5)'s third clause." <u>Id.</u> at 327. Here, though, the State invokes not only the third, "no longer equitable" clause, but also the first, "satisfied, released, or discharged" clause, which is "raised far less often—typically when there is a dispute over the amount of the judgment—and is almost never applied to consent decrees." <u>Id.</u>

When analyzing whether a consent decree has been "satisfied, released, or discharged" as provided in the first clause, the Fifth Circuit instructs that state contract law be used to interpret the terms of the decree. <u>Chisom v. Louisiana ex rel. Landry</u>, 116 F.4th 309, 319 (5th Cir. 2024). "The responsibility of the judiciary in interpreting contracts is to determine the common intent of the parties." <u>Baldwin v. Bd. of Sup'rs for Univ. of Louisiana Sys.</u>, 2014-0827 (La. 10/15/14), 156 So. 3d 33, 37. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code Ann. art. 2046. Here, the State argues that the plain terms of the consent decree reflect that the decree has been satisfied, released, or discharged. It submits that the consent decree itself provides that it has "permanent effect, absent a change in federal or state law applicable to

26-30101.2331

immigration detainers" and that because Act 314 is a change in state law applicable to immigration detainers, the consent decree no longer has permanent effect.

When considering a consent decree under the third, "no longer equitable" clause, courts look to whether "'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" Horne, 557 U.S. at 447 (quoting Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 384 (1992). The State argue that the public has expressed its interest through its elected representatives, who enacted Act 314. It insists that the ongoing enforcement of the consent decree is therefore "detrimental" to the public's interest today.

Under either clause, the plaintiffs' primary argument is essentially the same. They insist that the legislators never intended Act 314 to apply to the consent decree and, in any event, they argue that Act 314 was never valid to begin with. If plaintiffs are correct, arguably Act 314 cannot be considered a change in law that impacts the consent decree, nor could its enactment trigger any equities with regard to the consent decree.

As to the applicability of Act 314 to the consent decree, the plaintiffs argue that the Act prohibits the adoption or having of a sanctuary policy and defines a sanctuary policy as "a law, policy, practice, procedure, or custom adopted or allowed by a state entity or local governmental entity," but does not include a consent decree or legal remedy for constitutional violations in the list. Plaintiffs insist that by failing to include consent decrees and judicial remedies, the legislature must have intended to exclude them. Additionally, they cite the legislative history. In the cited video recordings of the legislative sessions, Representative Landry states that the bill should not affect the Orleans Parish Sheriff's Office being able to "take on the decree,"[6] and Senator Miguez

---

[6] Louisiana House of Representatives, Archived Video, May 2024, at 2:27:38, https://house.louisiana.gov/H_Video/VideoArchivePlayer?v=house/2024/may/0520_24_24RS_Day36 (last accessed Jan. 20, 2026, at 12:39 p.m.)

26-30101.2332

states that "in the case of New Orleans, the bill does not violate the consent decree."[7] Immediately following that statement, Miguez explains that the law would not require local agencies to enforce federal immigration law or investigate immigration status and that the law only applied to illegal immigrants who commit crimes. Plaintiffs argue that the legislature did not intend Act 314 to apply to consent decrees like this one and, therefore, there is no conflict between Act 314 and the consent decree.

The plaintiffs next argue that Act 314 unconstitutionally infringes on the home rule principles enshrined in the Louisiana Constitution. The 1974 Louisiana Constitution provides:

> Every home rule charter or plan of government existing or adopted when this constitution is adopted shall remain in effect and may be amended, modified, or repealed as provided therein. Except as inconsistent with this constitution, each local governmental subdivision which has adopted such a home rule charter or plan of government shall retain the powers, functions, and duties in effect when this constitution is adopted.

La. Const. Ann. art. VI, § 4. The City of New Orleans is a "pre1974 home rule government." New Orleans Campaign For a Living Wage v. City of New Orleans, 2002-0991 (La. 9/4/02), 825 So. 2d 1098, 1102. "'[A]lthough home rule does not entail complete autonomy,' 'in affairs of local concern, a home rule charter government possesses powers which within its jurisdiction are as broad as that of the state, except when limited by the constitution, laws permitted by the constitution, or its own home rule charter.'" Id. (quoting Miller v. Oubre, 96–2022, (La.10/15/96), 682 So.2d 231, 236, then Morial v. Smith & Wesson Corp., 2000-1132 (La. 4/3/01), 785 So. 2d 1, 14). Article VI thus "protects home rule governments from unwarranted interference by the state in their internal affairs." Id. at 1103.[8]

---

[7] Louisiana State Senate, Archived Video, March 2024, at 52:00
https://senate.la.gov/s_video/VideoArchivePlayer?v=senate/2024/03/032724SCHAMB (last accessed Jan. 20, 2026, at 12:39 p.m.)

[8] Of note, though, Article VI, Section 9 provides a limitation to ensure "the powers granted to home rule governments will not be used to deprive the state government of its inherent powers." Id. Section 9(B) provides that

26-30101.2333

Finally, the plaintiffs argue that Act 314 is invalid as an unfunded mandate. Article 6, Section 14 of the Louisiana Constitution provides:

> No law or state executive order, rule, or regulation requiring increased expenditures for any purpose shall become effective within a political subdivision until approved by ordinance enacted, or resolution adopted, by the governing authority of the affected political subdivision or until, and only as long as, the legislature appropriates funds for the purpose to the affected political subdivision and only to the extent and amount that such funds are provided, or until a law provides for a local source of revenue within the political subdivision for the purpose and the affected political subdivision is authorized by ordinance or resolution to levy and collect such revenue and only to the extent and amount of such revenue.

La. Const. Ann. art. VI, § 14(A)(1). The provision essentially "restricts the state's power to enact legislation requiring the expenditure of funds by local political subdivisions unless certain conditions are met." Polk v. Edwards, 626 So. 2d 1128, 1144 (La. 1993).

The State does not address the plaintiffs' arguments that (1) Act 314 was not intended by the legislators to apply to this pre-existing consent decree, (2) Act 314 is invalid because it infringes on the "home rule" provisions of the Louisiana constitution, and (3) Act 314 is invalid as an unfunded mandate. Plaintiffs argue that these three questions should be certified to the Louisiana Supreme Court in the first instance.

The rules of the Louisiana Supreme Court provide that this Court can certify questions or propositions of Louisiana law to the Supreme Court of Louisiana if this Court determines that it has before it "questions or propositions of law of this state which are determinative of said cause independently of any other questions involved in said case and that there are no clear controlling precedents in the decisions of the supreme court of this state." La. Sup. Ct. R. 12, Sec. 1.

---

"Notwithstanding any provision of this Article, the police power of the state shall never be abridged." La. Const. Ann. art. VI, § 9. "The police power of the state is best defined on a case-by-case basis; however, it has been generally described as the state's 'inherent power to govern persons and things, within constitutional limits, for promotion of general health, safety, welfare, and morals.'" Campaign For a Living Wage, 825 So. 2d at 1104 (quoting Smith & Wesson Corp., 785 So. 2d at 15).

16

26-30101.2334

The State's response to the certification request is somewhat circular. It argues that it is unnecessary to certify these questions to the Louisiana Supreme Court because regardless of whether Act 314 is "valid" or whether it sufficiently "conflicts" with the consent decree to implicate the end of its permanent effect, Act 314 changed the law applicable to immigration detainers, and that alone ends the decree's permanent effect. But if Act 314 is invalid then it is not a change in law. And even if it is valid, if it was not intended to apply to this consent decree, then it cannot be interpreted as triggering the "change in law" provision.

The Court finds that the three questions concerning the applicability and validity of Act 314 should be certified to the Louisiana Supreme Court. Each of these questions requires analysis of a Louisiana law. Two implicate the Louisiana constitution. The first, implicates both statutory interpretation and legislative history. Not one concerns a federal question. Not one question has been addressed by a Louisiana court, let alone the Louisiana Supreme Court. Moreover, all three questions concern Louisiana's public policy. Considering the posture of this case, the Louisiana Supreme Court is in the better position to address these questions. And the Louisiana Supreme Court's resolution of these issues will determine the issue now before this Court. If Act 314 is inapplicable to the consent decree and/or invalid under the Louisiana constitution, then it cannot be a change in law impacting the consent decree and it would not be equitable to dissolve the consent decree as a result of the inapplicable and/or invalid act. If, to the contrary, Act 314 is applicable and valid, then, for the reasons advanced by the State, it must be found that the Act 314 is a change in law that ends the permanent effect of the consent decree by its own terms.[9]

---

[9] Not only does Act 314 require law enforcement agencies to support the enforcement of federal immigration law, but it explicitly prohibits any policy or practice that "prohibits" a law enforcement agency from, among other things "[c]omplying with an immigration detainer." La. Stat. Ann. §§33:82, 33:83, 33:81(6). That (if valid and applicable) would be a change in law that is not "insignificant" and squarely falls within the type of change contemplated by the parties in agreeing that the permanent effect of the policy would last only until a change in law applicable to immigration detainers.

Conclusion

The PLRA is inapplicable to this lawsuit because the plaintiffs' claims are not with regard to prison conditions. Accordingly, the consent decree cannot be dissolved by the PLRA's restrictions on prospective relief. Further, while the State may be entitled to relief under Rule 60, the Court finds that three questions of state law, must first be decided by the Louisiana Supreme Court. Accordingly, the Court will certify the following questions to the Louisiana Supreme Court:

4.  Does Act 314 apply to the pre-existing consent decree at issue in this lawsuit in light of the text of the statute and the legislative history?

5.  Is Act 314 invalid because it infringes on the "home rule" provisions of the Louisiana Constitution?

6.  Is Act 314 invalid under Article 6, Section 14 of the Louisiana Constitution as an unfunded mandate?

It is further ORDERED that the Motion to Terminate or Dissolve the Consent Decree (Rec. Doc. 157) is taken under submission pending the resolution of the preceding questions.

New Orleans, Louisiana, this 18th day of February, 2026.

_____
Janis van Meerveld
United States Magistrate Judge

18

# **Tab 3**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| MARIO CACHO AND ANTONIO OCAMPO, <br><br>         PLAINTIFFS, <br><br> v. <br><br> SHERIFF MARLIN N. GUSMAN, ORLEANS PARISH SHERIFF, <br><br>         DEFENDANT. | Civil Action No. 2:11-cv-225 <br><br> Judge: Hon. Janis Van Meerveld |

**NOTICE OF APPEAL**

Pursuant to Federal Rule of Appellate Procedure 3(a), Intervenor-Defendant State of Louisiana hereby appeals to the United States Court of Appeals for the Fifth Circuit the Court's February 18, 2026, Order and Reasons (ECF No. 178) on Intervenor-Defendant's Motion to Terminate or Dissolve the Consent Decree (ECF No. 157), and all earlier orders subsumed within that ruling.

1

2

Dated: February 19, 2026

Respectfully submitted,

ELIZABETH B. MURRILL
Attorney General of Louisiana


 /s/ *Zachary Faircloth*
ZACHARY FAIRCLOTH (LA 39875)
  Principal Deputy Solicitor General
OFFICE OF THE LOUISIANA ATTORNEY
GENERAL
1885 North Third Street
Baton Rouge, LA 70804
Telephone:  (225) 421-4088
Facsimile:   (225) 326-6795
FairclothZ@ag.louisiana.gov

*Counsel for the State of Louisiana*

26-30101.2338

## <u>CERTIFICATE OF SERVICE</u>

On February 19, 2026, I hereby certify that I caused this document to be served electronically on all counsel of record by filing the document using the CM/ECF system.

*/s/ Zachary Faircloth*
Zachary Faircloth (LA 39875)

# **Tab 4**

## CERTIFICATE OF SERVICE

I certify that on June 29, 2026, I filed the foregoing excerpts with the Court's CM/ECF system, which will automatically send an electronic notice of filing to all counsel of record.

*/s/ Zachary Faircloth*
ZACHARY FAIRCLOTH